Carl HUGHES, Appellant,

v.

The STATE of Texas, Appellee.

No. 56608.

Court of Criminal Appeals of Texas, Panel No. 2.

Feb. 1, 1978.

---

E. Neil Lane, Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III, and Don H. Dawson, Jr., Asst. Dist. Attys., Houston, for the State.

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for theft. Appellant pled guilty, waived his right to a trial by jury, and stipulated the evidence in open court and in writing. The court thereafter found the appellant guilty and assessed punishment at five years in the Texas Department of Corrections.

Appellant's grounds of error pertain to the indictment. He was indicted and tried under V.T.C.A., Penal Code Sec. 31.03 which had recently been amended.[1]

■ The indictment in question, excluding the formal parts, charged that the appellant:

"did then and there unlawfully appropriate property, namely fifty six tubes of fiberglass, of the value of over two hundred dollars and under ten thousand dollars, with the intent to deprive the owner, C. R. Bergstrom, of the property, knowing at the time that said property had been unlawfully obtained by another and that said property was stolen."

He argues under the authority of *Reynolds v. State*, Tex.Cr.App., 547 S.W.2d 590 that "without the effective consent of the owner" is a necessary element of the theft indictment and that the element's absence renders the indictment fundamentally defective. This contention is without merit. In *Johnson v. State*, Tex.Cr.App., 547 S.W.2d 599, dealing with an indictment under the former theft statute,[2] we held that the indictment must *either*

"allege whether the appellant exercised control of the property without the owner's effective consent, as required by Section 31.03(b)(1), *or* whether he exercised control over the property obtained by another, which was stolen property, knowing it was stolen, as required by Section 31.03(b)(2)." at p. 600.

Finding that *neither* pleading alternative was followed, we held the indictment therein to be fundamentally defective.

In the present case, although the theft statute has been amended, we think the authority of *Johnson, supra,* is clearly applicable. An indictment alleging the commission of an offense under Sec. 31.03(b)(2) does not have to include an element of the theft statute under Sec. 31.03(b)(1). All that is required is that the indictment "allege all of the elements of *whatever method of theft the State seeks to prove.*" (Emphasis added.) *Johnson, supra,* at 601.

■ Appellant argues next that the indictment is fatally and fundamentally defective in that it fails to allege the name of the person from whom the appellant appro-

---

1. Subsections (a) and (b) of Section 31.03, amended by Acts 1975, 64th Leg., p. 914, ch. 342, Sec. 10, eff. September 1, 1975, provides:

"(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

"(b) Appropriation of property is unlawful if:

"(1) it is without the owner's effective consent; or

"(2) the property is stolen and the actor appropriates the property knowing it was stolen by another."

2. Section 31.03 provided in part:

"(a) A person commits an offense if, with intent to deprive the owner of property:

"(1) he obtains the property unlawfully; or

"(2) he exercises control over the property, other than real property, unlawfully.

"(b) Obtaining or exercising control over property is unlawful if:

"(1) the actor obtains or exercises control over the property without the owner's effective consent; or

"(2) the property is stolen and the actor obtains it from another or exercises control over the property obtained by another knowing it was stolen."

priated or received the property. We note that no motion to quash the indictment was filed. In that the sufficiency of the indictment is questioned for the first time on appeal, only jurisdictional defects will be considered. See *Terry v. State*, Tex.Cr. App., 517 S.W.2d 554, 555; *American Plant Food Corp. v. State*, Tex.Cr.App., 508 S.W.2d 598; *Peterson v. State*, Tex.Cr.App., 508 S.W.2d 844.

In *Ex parte Cannon*, Tex.Cr.App., 546 S.W.2d 266, 272, it was observed that all theft offenses have been consolidated into a single offense, see V.T.C.A., Penal Code Sec. 31.02 and we further noted that subsections (a) and (b) of Section 31.03 defined the different ways in which theft can be committed. Four different sets of possible elements for the offense of theft under the former penal statute were expounded and we held that

"an indictment for theft which does not allege *all* of the elements of *one* of these methods is fundamentally defective, since 'everything should be stated in an indictment which is necessary to be proved'," citing Art. 21.03, V.A.C.C.P.

With the recent amendments to the theft statute, it is obvious that the offense of theft now has two different sets of possible elements:

(1) a person
(2) with the intent to deprive the owner of property
(3) appropriates property
(4) without the owner's effective consent; or

(1) a person
(2) with the intent to deprive the owner of property
(3) appropriates property
(4) which is stolen property
(5) knowing it was stolen
(6) by another.

■ An indictment which alleges all of the aforementioned elements of "whatever method of theft the state seeks to prove" will charge an offense against the law. *Johnson, supra.* Any complaint as to duplicity or want of sufficient notice may be waived. See *Ex parte Cannon, supra.* In the absence of a filing of a motion to quash, non-jurisdictional defects will not be considered for the first time on appeal. In discussing appellant's claim of insufficient notice raised for the first time on appeal, we held in *Trevino v. State*, Tex.Cr.App., 519 S.W.2d 864, that:

"The defect complained of relates simply to the convenience of appellant in making his defense and, by going to trial without raising any such objection, it is presumed that appellant found the indictment sufficient to his own satisfaction and waived any objection. . . . A defendant cannot wait to see the State's case and then, if it appears adverse to him, claim for the first time he had no notice of precisely what he was charged with." See also *Drumm v. State*, Tex.Cr. App., 560 S.W.2d 944 (1977); *Rhodes v. State*, 560 S.W.2d 665 (1978).

■ The indictment in question contained all the elements for the offense of theft under Sec. 31.03(b)(2). Any complaint concerning the want of sufficient notice as to the name of the individual from whom the appellant appropriated the stolen property is deemed waived, in the absence of filing a motion to quash the indictment.

The judgment is affirmed.