**James L. MORGAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54482.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 4, 1978.

Kent A. Caperton, Bryan, for appellant.

W. T. McDonald, Jr., Dist. Atty., Bryan, for the State.

**OPINION**

ROBERTS, Judge.

This is an appeal from an order of the court revoking the appellant's probation. The trial judge found that the appellant had violated a condition of his probation, and sentenced the appellant to five years in the Texas Department of Corrections.

On October 22, 1975, the appellant pleaded guilty to the offense of felony theft.[1] The appellant was assessed a ten-year probationary term.[2]

At the outset, we recognize fundamental error. Article 40.09(13), Vernon's Ann.C.C.P. Omitting the formal portions, the in-

---

1. Section 31.03, V.T.C.A., Penal Code.

2. The trial judge, as mentioned above, reduced the appellant's term of imprisonment from ten years to five years when he revoked the appellant's probation. See Art. 42.12, Section 8(a), Vernon's Ann.C.C.P.

dictment to which the appellant pleaded guilty states that the appellant:

". . . did then and there unlawfully exercise control over property, other than real property, to wit: One (1) Whirlpool Dishwasher of the value of in excess of $200 knowing said property to be stolen and with intent to deprive the owner, Frank Hurta, of said property . . ."

In *Ex Parte Cannon,* 546 S.W.2d 266 (Tex.Cr.App.1976), we interpreted Section 31.03(a) and (b), and determined that the offense of theft is comprised of four different sets of possible elements:

"(1) a person
"(2) with intent to deprive the owner of property
"(3) obtains the property
"(4) without the owner's effective consent;

or

"(1) a person
"(2) with intent to deprive the owner of property
"(3) obtains the property
"(4) which is stolen property
"(5) from another
"(6) knowing it is stolen;

or

"(1) a person
"(2) with intent to deprive the owner of property
"(3) exercises control over the property, other than real property
"(4) without the owner's effective consent

or

"(1) a person

"(2) with intent to deprive the owner of property
"(3) exercises control over the property, other than real property
"(4) which is stolen property
"(5) obtained by another
"(6) knowing it was stolen."

In *Ex Parte Cannon,* supra, we also stated that:

"An indictment for theft which does not allege *all* of the elements of *one* of these methods is fundamentally defective, since 'Everything should be stated in an indictment which is necessary to be proved.'" (Emphasis in original).

See also *Reynolds v. State,* 547 S.W.2d 590, 595 (Tex.Cr.App.1977).

The indictment fails to set forth all of the elements of one of the four methods. It does not satisfy the first and third methods because it fails to allege that the obtaining or exercising of control was without the owner's effective consent. Cf. *Reynolds v. State,* supra. It also fails to satisfy the second method because instead of alleging that the appellant obtained the property, it alleged that the appellant exercised control over the property.

Moreover, the indictment fails to satisfy the second and fourth methods because it does not state that the property is stolen property or that it was obtained by or from another person.[3]

Thus, it is clear that the indictment is fundamentally defective. See Article 27.08, Vernon's Ann.C.C.P.; *American Plant Food Corporation v. State,* 508 S.W.2d 598 (Tex.Cr.App.1974). It is well established that where an indictment is fun-

---

3. In *Ex Parte Cannon,* supra at 273–4, we stated:

"Nor did the indictment allege that the property was stolen or that the appellant knew the property was stolen. Moreover, the indictment did not allege either that the appellant obtained the property from another or that he exercised control over the property, other than real property, obtained by another. These are essential elements of theft under subsection (b)(2), see *Pool v. State,* 528 S.W.2d 255 (Tex.Cr.App.1975), and are required to be alleged in an indictment alleging

either of the methods of committing theft under this subsection."

Thus, although the indictment in the present case does allege that the appellant knew the property was stolen, it fails to allege from whom the appellant obtained the property and that it was stolen property. Thus, even if we were willing to hold that an allegation of knowledge of the stolen property also satisfies the requirement of an allegation that the property was stolen, the indictment fails to allege that the appellant obtained it from another person.

damentally defective the original conviction based on that indictment will be set aside in an appeal from a probation revocation proceeding. *Huggins v. State,* 544 S.W.2d 147 (Tex.Cr.App.1976); *Standley v. State,* 517 S.W.2d 538 (Tex.Cr.App.1975).

The judgment is reversed and the prosecution under this indictment is dismissed.

W. C. DAVIS, J., not participating.

VOLLERS, Judge, dissenting.

The majority concludes that there is fundamental error in the indictment in this cause. I disagree. Section 31.03 V.T.C.A. Penal Code, as it was in effect at the time of the commission of this offense and the plea thereto provided that:

"(a) a person commits an offense if, with intent to deprive the owner of property:

(1) he obtains the property unlawfully; or

(2) he exercises control over the property, other than real property, unlawfully.

(b) Obtaining or exercising control over property is unlawful if:

(1) the actor obtains or exercises control over the property without the owner's effective consent; or

(2) the property is stolen, the actor obtains it from another or exercises control over the property obtained by another knowing it was stolen."

From a reading of this statute it is very clear that the elements of the offense are that a person commits an offense if

(1) with the intent to deprive the owner of property

(2) he obtains the property unlawfully, or exercises control over the property, other than real property, unlawfully.

Subparagraph (b) of Section 31.03, supra, merely sets out the conditions under which the obtaining or exercising of control over property is unlawful.

I agree that this Court in *Ex Parte Cannon,* 546 S.W.2d 266 and in *Reynolds v. State,* 547 S.W.2d 590 determined that there are four different ways in which Section 31.03, supra, could be violated; I cannot agree that they were rightly decided and that this indictment is fundamentally defective. This is especially true in light of the provisions of Section 31.03, V.T.C.A. Penal Code where the legislature specifically stated that Section 31.03 of the Code was to constitute a single offense superseding all of the various separate offenses previously known as various forms of theft. In spite of that admonition by the legislature this Court concludes that even though there is only one form of theft you must plead it in one of four different ways or the indictment is fundamentally defective.

Where the indictment alleges that a person, with intent to deprive the owner of property, obtained the property unlawfully or exercised control over it unlawfully, it alleged by very definition of the statute itself that the obtaining or exercising of control was without the owner's effective consent because it was unlawful. The further detailed allegations which this Court requires, if a defect at all, would be a defect going to notice to the person charged as to the manner in which the offense was committed and would be subject to an exception or motion to quash. See *American Plant Food Corporation v. State,* 508 S.W.2d 598.

When we declare an indictment to be "fundamentally" defective we should limit such a declaration to fundamental defects and not defects which go to notice. Obviously, the appellant in this case was aware of the charge and was given sufficient notice by this indictment because he plead guilty and never questioned the sufficiency thereof.

I dissent.

DOUGLAS, J., dissents.