Ernest BROGGI, Jr., Appellant,

v.

The STATE of Texas, Appellee.

Nos. 60985–60988.

Court of Criminal Appeals of Texas, Panel No. 3.

May 16, 1979.

Charles D. Butts, San Antonio, for appellant.

Bill M. White, Dist. Atty., Nelson M. Atwell, E. Dick Ryman and Douglas V. McNeel, Asst. Dist. Attys., San Antonio, and Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and PHILLIPS, JJ.

OPINION

ODOM, Judge.

The appeals in cause numbers 60985, 60986, and 60987 are from convictions for theft; the appeal in cause 60988 is from a conviction for sale of unregistered securities by an unregistered agent. On appellant's

plea of guilty to the court, punishment was assessed at ten years.

 In his first ground of error appellant argues that the indictments in the theft cases are fundamentally defective. No motion to quash was filed. The indictment in each case, except for the name of the complaining witness, alleged in relevant part that appellant on the stated date:

> ". . . with intent to deprive the owner, namely: Earl Schaumburg, of property, namely: lawful money of the United States of America, did unlawfully appropriate said property which had a value of over Ten Thousand Dollars ($10,-000.00), without the effective consent of the owner . . ."

Appellant acknowledges that our opinion in *Hughes v. State*, Tex.Cr.App., 561 S.W.2d 8, is contrary to his position, and urges that we overrule that case. This we decline to do. The ground of error is overruled.

 In his second ground of error appellant argues that his convictions in cause numbers 60987 and 60988 violate the constitutional prohibition against double jeopardy. The conviction in 60987 is for theft from Leona Klamper, and the conviction in 60988 is for sale of unregistered securities by an unregistered agent to the same Leona Klamper. The same evidence was received to support the guilty plea in each case, and shows the theft was committed by deception that was perpetrated by the scheme of selling unregistered securities by appellant, the unregistered agent. The State confesses error in its brief and we agree that both convictions cannot stand. The theft case was the earlier cause number, so under our holding in *Ex parte Calderon*, Tex.Cr.App., 508 S.W.2d 360, it is presumed to be the first conviction.[1] Accordingly, the conviction in cause 60988 was obtained in violation of the constitutional prohibition against double jeopardy and must be set aside.

---

1. The records in these appeals show the pleas in the theft cases and the plea in the securities case were received on the same day, but the

 Finally, appellant contends the circumstances surrounding his pleas, denial of bail and sentencing deprived him of due process. He relies primarily on the prior history of this case as described in *Broggi v. Curry*, Tex.Cr.App., 571 S.W.2d 940, by which he secured these appeals. We do not see how the events described there, having occurred after appellant's guilty pleas and after his convictions, could have vitiated those pleas so as to render the convictions violative of due process. The ground of error is overruled.

The judgments in the theft convictions (causes 60985–60987) are affirmed, and the conviction for sale of unregistered securities by an unregistered agent (cause 60988) is set aside and the prosecution ordered dismissed.

---

records do not show which proceeding occurred first.