Leslie Heber **SHADDOX**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 58092.

Court of Criminal Appeals of Texas,
Panel No. 1.

Jan. 9, 1980.

---

Tom Tatum, Tyler, for appellant.

A. D. Clark, III, Dist. Atty., and William D. Saban, Asst. Dist. Atty., Tyler, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and CLINTON, JJ.

### OPINION

ROBERTS, Judge.

This is an appeal from a conviction for theft. Trial was to a jury which found appellant guilty and punishment was assessed at nine years in the Texas Department of Corrections and a fine of $5,000. Appellant asserts that the indictment was fundamentally defective. We agree and reverse.

Divested of its formal parts, the indictment alleges that appellant,

"did then and there unlawfully appropriate property, other than real property, to-wit: one 28 gauge Charles Daly shotgun, one .22 caliber Remington pump rifle, one 30–06 Remington rifle, one .22 caliber Winchester rifle, one .22 caliber S. Stevens rifle of the value of $205 knowing said property to be stolen and with intent to deprive the owner, Jim Johnson, of said property;  .   .  .."

In *Ex parte Cannon*, 546 S.W.2d 266, 272, 273 (Tex.Cr.App.1976), this Court interpreted V.T.C.A., Penal Code, Section 31.03(a), (b) and determined that the offense of theft is composed of four different sets of possible elements. We also stated that:

"An indictment for theft which does not allege *all* of the elements of *one* of these methods is fundamentally defective, since '[e]verything should be stated in an indictment which is necessary to be proved.'" (Emphasis in original).

In *Hughes v. State*, 561 S.W.2d 8, 10 (Tex.Cr.App.1978), we stated:

"With the recent amendments to the theft statute, it is obvious that the offense of theft now has two different sets of possible elements: (1) a person (2) with the intent to deprive the owner of property (3) appropriates property (4) without the owner's effective consent; or (1) a person (2) with the intent to deprive the owner of property (3) appropriates property (4) which is stolen property (5) knowing it was stolen (6) by another."

As stated in *Hughes*,

"An indictment which alleges all of the aforementioned elements of 'whatever method of theft the State seeks to prove' will charge an offense against the law."

The essential elements of the offense with which appellant was charged are those set out in the second alternative in *Hughes*, supra. The instant indictment fails to allege the sixth element, "by another," as appellant points out. Moreover, it does not contain the fourth element, "which is stolen property." *Morgan v. State*, 571 S.W.2d 333, 334 (Tex.Cr.App.1978); see *Ex parte Cannon*, 546 S.W.2d 266, 273 (Tex.Cr.App. 1976). These omissions rendered the indictment fundamentally defective.

For the error noted, the judgment is reversed and the indictment is ordered dismissed.

ONION, P. J., dissents.