**Oliver W. BEASLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58927.**

Court of Criminal Appeals of Texas, Panel No. 1.

June 4, 1980.

Kenneth L. Yarbrough, Corpus Christi, on appeal only, for appellant.

William B. Mobley, Jr., Dist. Atty., Michael G. Morris, Asst. Dist. Atty., Corpus Christi, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and DALLY, JJ.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for theft over $200.00 and less than $10,000, where his punishment was assessed by the court at five (5) years' imprisonment, probated, following a guilty verdict.

The sole ground of error is that the trial court erred in overruling the motion to quash the indictment. Omitting the formal parts, it alleges the appellant on or about the 8th day of February A.D. 1976 "did then and there unlawfully appropriate property, other than real property, to wit: one 1976 Ford pickup of the value of more than $200.00 and less than $10,000.00 knowing said property to be stolen and with the intent to deprive the owner, Eugene E. Rathburn, of said property . . . ."

The indictment sought to allege a theft offense under V.T.C.A., Penal Code, § 31.-03(a) and (b)(2), as amended 1975, which offense was known under our former code as receiving or concealing stolen property.

V.T.C.A., Penal Code, § 31.03, provides in part:

"(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of the property.

"(b) Appropriation of property is unlawful if:

"(1) * * *

"(2) the property is stolen and the actor [1] appropriates the property knowing it was stolen by another."

In *Hughes v. State*, 561 S.W.2d 8 (Tex.Cr. App. 1978), it was stated that the elements of theft under V.T.C.A., Penal Code, § 31.-03(a) and (b)(2), are:

(1) a person

(2) with the intent to deprive the owner of property

(3) appropriates property

(4) which is stolen property

(5) knowing it was stolen

(6) by another.

Appellant argues that theft is now a single offense [V.T.C.A., Penal Code, § 31.02], and that under the definition of theft [V.T.C.A., Penal Code, § 31.03], as amended, theft is a single offense with multiple alternative meanings given to several terms which are germane to the definition of theft. He identifies these terms as "appropriate" [V.T.C.A., Penal Code, § 31.01(5)], "deprive" [V.T.C.A., Penal Code, § 31.01(3)], and "owner" [V.T.C.A., Penal Code, § 1.07(a)(24)]. He contends when these terms as defined in the Penal Code are

---

1. V.T.C.A., Penal Code, § 1.07(a)(2), now provides:

"(2) 'Suspect' means a person whose criminal responsibility is in issue in a criminal action. Whenever the term 'actor' is used in this code, it means 'suspect.' "

alleged in a theft indictment there are a number of different ways the proof must be offered to meet the allegation, thus rendering the indictment uncertain and vague.

■ If this argument were the basis of the motions to quash the indictment, we are unable to determine that from the motions themselves, and there is no statement of facts in the appellate record. Not knowing whether the contention now presented on appeal was presented to the trial court, we cannot conclude the court erred in overruling the motions to quash.

■ This does not end the matter. It appears that the indictment is fundamentally defective under the majority panel holding in *Shaddox v. State*, 594 S.W.2d 69 (Tex.Cr.App. 1980).[2] There the theft indictment under V.T.C.A, Penal Code, § 30.03(a) and (b)(2), did not allege the fourth and sixth elements of the offense listed in *Hughes v. State*, supra. Likewise, the instant indictment does not allege the same elements of the offense. For the reasons stated in *Shaddox v. State*, supra, the judgment is reversed and the indictment is ordered dismissed.

---

**2.** This writer dissented to the panel opinion in *Shaddox*, and when the State's motion for rehearing was denied en banc, this writer and

Douglas, J., dissented. The majority have spoken.