**Henry DENNIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. B14–81–779–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 28, 1982.

Discretionary Review Granted
May 5, 1982.

R. A. Apffel, Galveston, for appellant.

James F. Hury, Jr., Dist. Atty., Galveston, for appellee.

Before PAUL PRESSLER, MURPHY and SAM ROBERTSON, JJ.

SAM ROBERTSON, Justice.

This appeal arises from a conviction for felony theft with one prior felony conviction. The sentence imposed was twelve

years. For reasons stated below, we reverse and dismiss the indictment.

Appellant was indicted for theft under Tex.Penal Code Ann. art. § 31.03(a), (b)(1), (b)(2), (Vernon Supp. 1980–1981). In separate paragraphs, the indictment charges first that he did "intentionally and knowingly appropriate and maintain control of property ... without the effective consent of the owner ... and with intent to deprive the said owner of said property." Secondly, the indictment charges that appellant did "intentionally and knowingly appropriate and maintain control over property ... knowing said property to be stolen by another and with intent to deprive the owner ... of said property."

The court submitted two separate charges to the jury.[1] In the first of these, the court charged the jury using the wording of the first paragraph of the indictment. The concluding paragraph of this charge reads as follows: "If you find that the defendant is not guilty of the allegations contained herein, then you will consider the alternative charge of the court." The "Alternative Charge," a separate document, charges the jury using the wording of the second paragraph of the indictment.

The jury returned two verdicts on identical forms stating: "We, the jury, find the defendant ... guilty of the offense of theft of property of the value of more than two hundred dollars ($200.00) and less than ten thousand dollars ($10,000.00), as alleged in the indictment." One verdict is "not guilty," and one verdict is "guilty." Nothing on the forms themselves indicates which verdict goes with which charge.

Appellant's first ground of error argues that the indictment above is fundamentally defective for failure to state all of the elements of an offense in the second paragraph. Specifically, appellant calls our attention to the omission of any allegation that the property in question was "stolen property." Tex.Penal Code Ann. art. 31.-03(b)(2) (Vernon Supp. 1980–1981). He further argues the "not guilty" verdict was in response to the first paragraph, and the "guilty" verdict was in response to this defective paragraph.

In *Ex parte Cannon*, 546 S.W.2d 266 (Tex.Cr.App.1976) the court clearly states: "An indictment for theft which does not allege *all* of the elements of *one* ... [of the methods set out in the Penal Code] is fundamentally defective, since '[e]verything should be stated in an indictment which is necessary to be proved.'" *Id.* at 272. In two more recent cases, the court has reaffirmed this rule. *Shaddox v. State*, 594 S.W.2d 69 (Tex.Cr.App.1980); *Morgan v. State*, 571 S.W.2d 333 (Tex.Cr.App.1978). In both *Shaddox* and *Morgan*, the indictments failed to allege that the property was stolen as in the case before us. While we disagree that the omissions in the above indictments should constitute a fundamental defect,[2] we are bound to follow the decisions of the Court of Criminal Appeals and, accordingly, we find that the paragraph complained of by appellant is fundamentally defective and, therefore, void.

This brings us to the remainder of appellant's argument, wherein he contends the conviction rests on the jury's answer of guilty to the second count of the indictment which we have just held void. As we noted above, nothing on the face of the two verdict forms informs us which answer is to which charge. However, the first charge instructs the jury to consider the second, alternative charge *if* they find him not guilty under the first charge. It thus appears that the jury found appellant not guilty under the first paragraph of the indictment and guilty under the defective second paragraph.

---

1. We deplore this practice and the one noted below wherein the court used verdict forms which did not clearly state on their face the offense for which the jury was to render its verdict. The result of such practices is demonstrated in *Askins v. State*, 397 S.W.2d 452 (Tex. Cr.App.1966); *Williams v. State*, 118 Tex.Cr.R.

366, 42 S.W.2d 441 (1931); *Howell v. State*, 120 Tex.Cr.R. 614, 47 S.W.2d 844 (1932).

2. Although the indictment did not allege the property was stolen, it did allege knowledge that the property was stolen by another.

The state argues that *Bailey v. State*, 532 S.W.2d 316 (Tex.Cr.App.1976) applies. In *Bailey*, the appellant contended error in submission of six counts to the jury where no evidence supported three of the counts. The court held that "[w]here a general verdict is returned, and the evidence is sufficient to support a finding under any of the counts submitted, no error is shown." We agree with this clear statement of the law but point out that in the case before us appellant was apparently found "not guilty" of the first count. When the second count is held void, *Bailey* does not authorize a conviction under the first count contrary to a jury verdict.

Accordingly, we reverse the judgment before us and order the indictment dismissed.