**Ex parte George ADAME.**

**No. 68836.**

Court of Criminal Appeals of Texas, En Banc.

May 19, 1982.

---

Robert Huttash, State's Atty., Austin, for the State.

OPINION

McCORMICK, Judge.

This is a post-conviction writ of habeas corpus in which applicant seeks relief from his conviction for the offense of theft. Applicant contends that the indictment under which he stands convicted is fundamentally defective for failing to allege that the property he appropriated was stolen *by another.* See V.T.C.A. Penal Code, Section 31.-03(b)(2).

The indictment, omitting the formal parts, alleges that applicant:

"... did then and there with intent to deprive the owner of property, did then and there unlawfully appropriate stolen property, to-wit: one typewriter, and one adding machine of the value of more than two hundred dollars and less than ten thousand dollars, the said property having been stolen from Grady L. Roberts, Jr., its lawful owner, and the said George Adame acquired said property from Jake Vinton knowing that it was stolen property."

In presenting his contention, applicant relies on the opinions of *Shaddox v. State,* 594 S.W.2d 69 (Tex.Cr.App.1980), and *Beasley v. State,* 599 S.W.2d 620, 621 (Tex.Cr.App. 1980). *Hughes v. State,* 561 S.W.2d 8 (Tex. Cr.App.1978), held that the elements of theft under Section 31.03(b)(2), supra, are:

(1) a person

(2) with the intent to deprive the owner of property

(3) appropriates property

(4) which is stolen property

(5) knowing it was stolen

(6) by another.

*Shaddox v. State,* supra, held that an indictment was fundamentally defective which failed to allege the fourth and sixth elements of the offense listed in *Hughes. Beasley* thereafter followed the decision of *Shaddox.* Unlike the indictments in *Shaddox* and *Beasley,* the one now before us clearly alleges that the property was stolen property. The only issue left to be resolved is whether the language is sufficient to allege that the property was stolen "by another." That is, we must· ascertain whether the indictment, when read as a whole, sufficiently charges the offense.

The general rules relating to testing the sufficiency of an indictment were well expressed by Judge Clinton writing for the Court in *Soto v. State,* 623 S.W.2d 938 (Tex. Cr.App.1981):

"A fundamentally defective indictment will not provide the trial court with jurisdiction, and for that reason any conviction purportedly based on it is void. *American Plant Food Corp. v. State,* 508 S.W.2d 598, 603 (Tex.Cr.App.1974). A jurisdictional defect, failure to allege the essential elements of an offense as

defined in V.T.C.A. Penal Code, § 1.07(a)(13), renders the indictment ineffective in stating an offense, *Green v. State*, 571 S.W.2d 13, 15 (Tex.Cr.App. 1978). The indictment must be read as a whole to ascertain whether it is jurisdictionally sufficient to charge the intended offense, here aggravated assault. *Childs v. State*, 547 S.W.2d 613, 615 (Tex.Cr.App. 1977); *Green v. State*, supra, at 15." *Soto v. State*, supra, at 939 [Footnotes omitted]

See also *Watson v. State*, 548 S.W.2d 676 (Tex.Cr.App.1977), and *Seaton v. State*, 564 S.W.2d 721 (Tex.Cr.App.1978).

The indictment in the instant case clearly alleges that the applicant appropriated the stolen property belonging to the complainant by acquiring said property from Jake Vinton knowing it was stolen property. By not alleging that the applicant stole the property initially from the complainant, it is "a logical deduction arising from a reasonable reading of the entire indictment" that such was stolen by another. See *Childs v. State*, supra. In the absence of a motion to quash, we do not believe the indictment before us is fundamentally defective such that it may be collaterally attacked by habeas corpus.[1]

The relief prayed for is denied.

TEAGUE, J., concurs in result.

---

1. The pleading herein is not to be taken as a model. The better practice would be to include the language "knowing it was stolen *by another*." (Emphasis added)

Court of Criminal Appeals of Texas, En Banc.

May 19, 1982.

Robert Huttash, State's Atty., Austin, for the State.