OPINION ON STATE’S PETITION FOR DISCRETIONARY REVIEW
TEAGUE, Judge.
Appellant was charged in a two count indictment with committing the offenses of theft and theft by receiving stolen property. See V.T.C.A., Penal Code, Sections 31.-03(a), (b)(1) and 31.03(a), (b)(2).[1] The jury acquitted him of the former offense and convicted him of the latter offense. The trial court assessed punishment at twelve years’ confinement in the penitentiary. The Houston Fourteenth Court of Appeals reversed the conviction and ordered the indictment dismissed. See Dennis v. State, 629 S.W.2d 816 (Tex.App.—Houston [14th] 1982). The Houston court held that in light of this Court’s decisions of Shaddox v. State, 594 S.W.2d 69 (Tex.Cr.App.1980), and Morgan v. State, 571 S.W.2d 333 (Tex.Cr.App.1978), see also Beasley v. State, 599 S.W.2d 620 (Tex.Cr.App.1980), the omission in the indictment of the statutory phrase, “the property is stolen,” rendered the indictment fundamentally defective and void as it failed to state an offense pursuant to the involved statute. See Sec. 31.03(a), (b)(2), supra. We granted the State’s petition for discretionary review to make the determination whether the above decisions of this Court, and in turn the decision of the Houston Court of Appeals, which relied thereon, were correctly decided. We will reverse the decision of the court of appeals, and reaffirm the above decisions of this Court to the extent they are not in conflict with this opinion.
In relevant part, the count of the indictment under which appellant was convicted alleges that the appellant “did then and there intentionally and knowingly appropriate and maintain control over property to-wit: one (1) telephone of the value of more than Two Hundred Dollars ($200.00) and less than Ten Thousand Dollars ($10,-000.00) knowing said property to be stolen by another and with intent to deprive the owner, Patsy Parker, of said property.” The offense of theft by receiving stolen property, however, as stated by the provi *278 sions of Sec. 31.03(a), (b)(2), provides as follows: (a) “A person commits [the] offense [of theft] if he unlawfully appropriates property with intent to deprive the owner of property, (b) Appropriation of property is unlawful if: (2) the property is stolen and the [defendant] appropriates the property knowing it was stolen by another.” (Emphasis Added).[2] As clearly seen, the involved count in this cause tracked the statute in all things except that it did not allege the phrase, “the property is stolen.” The trial court’s charge to the jury, in its application paragraph, also failed to include the phrase, “the property is stolen.”
Appellant did not, prior to trial, complain of the above omission in the indictment, nor did he object to the trial court’s application paragraph in the charge that was given, nor did he request a correct application paragraph be given. However, he complained, in a pre-trial motion to quash, which was overruled, that the allegations in support of the count under which he was convicted were defective because the phrase, “without the effective consent of the owner,” was omitted. See Sec. 31.03(b)(1), supra. Understandably, as his conviction does not fall under that section of 31.03, but instead falls under sub-section (b)(2), appellant has not pursued that complaint in this appeal. See Hughes v. State, 561 S.W.2d 8 (Tex.Cr.App.1978).[3]
As a backdrop to our discussion concerning the omission from the indictment of the specific phrase, “the property is stolen,” we will first discuss several fundamental principles of law applicable to this cause. It is fundamental in this State that a charging instrument should allege all constituent elements of the offense sought to be charged. See Ex parte Winton, 549 S.W.2d 751 (Tex.Cr.App.1977), and the cases cited at page 752. The phrase, “the property is stolen,” is a constituent element of the offense of theft by receiving stolen property. See Ex parte Cannon, 546 S.W.2d 266 (Tex.Cr.App.1977); Reynolds v. State, 547 S.W.2d 590 (Tex.Cr.App.1977). However, overlooked by many members of the Bench and Bar is the distinction between a charging instrument which fails to state an offense at all and one which states an offense but fails to do so clearly. Failure to state an offense at all is a fundamental defect whereas failure to clearly state an offense is only a defect as to form. See 2 Texas Criminal Practice Guide, Sec. 41.02[7], Constituent elements of the offense should be expressly stated in the charging instrument. However, though not expressly stated therein, they may be implicitly included within express statements contained within the charging instrument.[4] Art. 21.17, V.A. C.C.P., expressly provides for the following: “Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words.” (Emphasis Added).
It is further axiomatic that where an indictment has not been challenged by way of a pre-trial motion to quash, and the sufficiency of the indictment becomes an issue for the first time on appeal, only jurisdictional defects will be considered. Where a defendant makes no complaint pri- or to trial about the charging instrument, it is presumed that he found the charging instrument sufficient as to his own satisfaction. Failure to complain prior to trial about the charging instrument waives all but jurisdictional defects. Trevino v. State, 519 S.W.2d 864 (Tex.Cr.App.1975). In Seaton v. State, 564 S.W.2d 721, 726 (Tex.Cr.App.1978), it was pointed out: “A jurisdictional defect in an indictment is a defect which renders the indictment insufficient in that it fails to allege the constituent ele *279 ments of the offense... If the indictment alleges an offense was committed by the defendant, then it will be sufficient in law to support a verdict of guilty; only if the defect be of such a degree as to charge no offense against the law and thereby be void will an indictment be fundamentally defective and [only in that instance may such defect] be raised for the first time on appeal ...” Generally, if an indictment is fundamentally defective, so as not to charge an offense at all against the laws of this State, it is void ab initio, cf. Foster v. State, 635 S.W.2d 710 (Tex.Cr.App.1982) (Opinion on appellant’s motion for rehearing), and may be attacked for the first time on direct appeal, or in a post-conviction habeas proceeding. Ex parte Roberts, 522 S.W.2d 461 (Tex.Cr.App.1975). This is because jurisdictional defects cannot be waived by the parties. Casias v. State, 503 S.W.2d 262 (Tex.Cr.App.1973). By the express terms of Art. 21.03, Y.A.C.C.P., “Everything should be stated in an indictment which is necessary to be proved.” Also see Antwine v. State, 518 S.W.2d 830, 831 (Tex.Cr.App.1975). “An indictment to be sufficient must specifically allege every constituent element of the offense and leave nothing to inference or intendment.” Selvidge v. State, 126 Tex.Cr.R. 489, 72 S.W.2d 1079, 1080 (Tex.Cr.App.1934). Also see 15 Houston Law Review at page 4, footnote 15. In Ex parte Cannon, supra, Judge Odom pointed out at page 270, in his concurring opinion to the opinion on original submission, the following: “In assessing an issue of adequate notice, it is proper to regard the State’s pleading with an eye from the defendant’s position, but in assessing the sufficiency of the State’s pleading to invoke the jurisdiction of the trial court, the allegations must be viewed objectively without regard to the defendant’s perspective, and the acts set out must be measured against the law they are supposed to violate. It is not enough to say that a defendant found the notice adequate, because notice is not at issue. It is the power of the court that is at issue.”
As noted, in order to state in the charging instrument an offense against the laws of this State, and thus invoke the jurisdiction of the trial court, it is mandatory that the instrument state therein the necessary and constituent elements of the offense. On the other hand, if the charging instrument is merely duplicitous, fails to give sufficient notice of what acts are charged, or fails to allege sufficient facts to bar a subsequent conviction, such would be nonjurisdictional defects, and would be deemed waived by the failure to make timely objection. American Plant Food Corporation v. State, 508 S.W.2d 598, 604 (Tex.Cr.App.1974). Therefore, we must ascertain whether the count of the indictment, for theft by receiving stolen property, under which appellant was convicted, when read as a whole, sufficiently charges the offense of receiving stolen property. Also see Soto v. State, 623 S.W.2d 938 (Tex.Cr.App.1981). We find it does.
In this instance, it was alleged in the indictment that the appellant “intentionally and knowingly appropriate^] and maintain[ed] control over property ... knowing said property to be stolen by another.” Did the allegation, “knowing said property to be stolen by another,” include by necessary implication the statutory phrase, “the property [was] stolen”? The State, in its petition for discretionary review, has phrased the question in this manner: “Does an indictment for theft under Section 31.03(a)(2) [ (a), (b)(2) ] which alleges that the defendant unlawfully appropriated and maintained control over property ‘knowing said property to be stolen by another,’ effectively allege that the property was stolen property?” The State’s argument asserts that “There is no way the appellant could know (at the time he unlawfully appropriated the property) that the property was stolen by another if it was not stolen.” (Emphasis Deleted).
The predecessor statute to Sec. 31.03(a), (b)(2), which was Art. 1430, 1925 Penal Code, provided as follows: “Whoever shall receive or conceal property which has been acquired by another in such manner as that the acquisition comes within the meaning of the term theft, knowing the same to have *280 been so acquired, shall be punished in the same manner as if he had stolen the property.” (Emphasis Added). A careful comparison of the former statute with the present version leads us to the conclusion that there is very little difference between the two statutes. In each, the essential elements are: (1) that a theft had occurred by another person; (2) the defendant received the stolen property; and (3) when he received the stolen property he knew it was stolen. In Moore v. State, 83 Tex.Cr.R. 302, 203 S.W. 51 (Tex.Cr.App.1918), it was stated: “A theft must be perfected before that of receiving stolen property can be perpetrated and the receiver of the stolen property must be another person than the thief.” The law then provided that “the guilty receiver of stolen goods can not himself be the thief; nor can the thief be guilty of a crime of receiving stolen goods which he himself has stolen.” Moore v. State, Id. Professor George Stumberg in his work, Texas Cases and Materials: Criminal Law and Administration, at page 250, made the following observation about the former law: “The crime of receiving or of concealing stolen property is often difficult to establish because in order for a defendant to be found guilty the state must establish not only that the property was stolen in the technical sense but also that the defendant knew it to be stolen...”
The offenses of theft and theft by receiving stolen property are and have always been two separate offenses. Snider v. State, 119 Tex.Cr.R. 635, 44 S.W.2d 997 (Tex.Cr.App.1931); Warren v. State, 514 S.W.2d 458 (Tex.Cr.App.1974); Ex parte Cannon, supra; Reynolds v. State, supra. The gist of the offense of receiving stolen property is that a theft has been committed and thereafter a person other than the thief receives the stolen property knowing it to have been stolen by another. Brown v. State, 15 Tex.App. 581 (1884). Also see Vol. 41 Tex.Jur. Sec. 12, “Receiving Stolen Goods.” The word “knowingly,” as used in the context that a defendant knowingly receives property that has been stolen, requires actual subjective knowledge, rather than knowledge that would have indicated to a reasonably prudent man that the property was stolen. Vol. 11 Houston Law Review at page 444, fn. 31. Also see Rodriguez v. State, 134 Tex.Cr.R. 317, 115 S.W.2d 905, 906 (Tex.Cr.App.1938); Rutherford v. State, 85 Tex.Cr.R. 7, 209 S.W. 745 (Tex.Cr.App.1919); Forrester v. State, 69 Tex.Cr.R. 62, 152 S.W. 1041, 1042 (1913). Otherwise, an innocent person who has acted in good faith with the thief might be subject to the harsh penalties the law provides for receiving stolen property. See Castleberry v. State, 35 Tex.Cr.App. 382, 33 S.W. 875 (Tex.Cr.App.1896); Hochman v. State, 146 Tex.Cr.R. 23, 170 S.W.2d 756 (Tex.Cr.App.1943).
From the above, we conclude that it is incumbent upon the State, in order to properly charge a person with committing the offense of theft by receiving stolen property, to expressly allege in the charging instrument that theft of property had occurred, that the accused appropriated the property, and that when the accused appropriated the property he knew it had been stolen by another.
Ordinarily, pleading in a charging instrument a constituent element of an offense inferentially rather than directly is impermissible, and a violation of this rule will generally make such instrument defective. See 15 Houston Law Review at page 9, footnote 41. However, if the charging instrument contains express averments, which necessarily include a required statutory term, word, or phrase, the necessary statutory term, word, or phrase will be deemed to be sufficiently plead by inclusion. See 15 Houston Law Review at page 7, footnote 32. This rule has been codified in Art. 21.17, supra. For example, if a charging instrument omits specific reference to a word, term, or phrase that is a constituent element of the offense, but that element is supplied by necessary inclusion within an expressed word, term, or phrase, as opposed to a merely reasonable one, from reading the indictment as a whole, then the failure to specifically plead the word, term, or phrase in the charging instrument will not render the charging instrument funda *281 mentally defective. Compare Jacquez v. State, 579 S.W.2d 247 (Tex.Cr.App.1979); Seaton v. State, supra. There are, however, exceptions to this rule, but we do not find them applicable to this cause. See, however, 15 Houston Law Review at page 8. In this instance, the appellant did not make any complaint by way of a pre-trial motion to quash about the wording of the count of the indictment under which he was convicted. The indictment expressly alleges that the appellant knew that the property had been stolen by another when he appropriated and maintained control over the property. We conclude that although no model for pleading the offense of theft by receiving stolen property, this indictment, in alleging that the appellant knew the telephone was stolen by another when he appropriated it, is equivalent to alleging that the property was stolen when he appropriated it. Thus, because the indictment in this cause does contain sufficient express averments, which necessarily by implication include the phrase, “the property [was] stolen,” and the indictment does allege “by another,” it is therefore not fundamentally defective.
The Houston Court of Appeals, in ordering appellant’s conviction reversed, relied heavily upon this Court’s past decisions of Morgan v. State, supra, and Shaddox v. State, supra. Also see Beasley v. State, supra. We have carefully examined those authorities, but because of the very wording of this indictment, and its singular omission, in comparison with the indictments in those causes, which contained multiple defects, we find those decisions in part inapposite to this cause. We further observe that Morgan was a pre-amendment of the theft statute case, and the defects in that indictment were the failure to allege both phrases, “the property is stolen” and “the property was obtained by or from another person.” In Shaddox, a post-amendment case, this Court referred the reader to Hughes v. State, supra, which had discussed the recent amendment of the theft statute, and pointed out that the indictment in that cause was defective because it omitted the phrases, “by another” and “which is stolen.” Beasley, supra, was another post-amendment case, and had the same defects as did the indictments in Hughes, supra, and Shaddox, supra. Thus, the two phrases, “by another” and “which is stolen property,” were missing from the indictments in Shad-dox, Morgan, and Beasley, supra, whereas in this cause only the phrase, “the property was stolen,” is missing in the indictment. We have found that such defect by omission was cured by virtue of the necessary inclusion construction rule of law. That rule of law was neither argued nor discussed in the eases of Morgan and Shaddox, Id., and our reading of those cases, in light of what the Court stated therein, and in conjunction with what we have stated today, does not require us to overrule those decisions. In Ex parte Cannon, supra, this Court pointed out that the offense of theft was then comprised of four different sets of possible elements, and that “An indictment for theft which does not allege all of the elements of one of these methods is fundamentally defective, since ‘everything should be stated in an indictment which is necessary to be proved.’ ” (546 S.W.2d at 273). In its analysis of why the indictment in that cause was invalid, the Court went to great pains to point out that “The indictment fails to set forth all of the elements of one of the four [now two] methods.”[5] A careful reading of the opinions of Cannon, Morgan, Shaddox, and Beasley, supra, clearly reflects that it was not because of one defect, but instead multiple defects that caused the indictments in those causes to be held invalid. It is patently clear to us that if the Court in those causes had been confronted with only a singular defect of omission, as we are in this cause, and the defect had been the same as in this cause, then a different result probably would have been reached. Furthermore, in Shaddox, supra, see also Hughes v. State, supra, the Court was care *282 ful to acknowledge in its opinion the recent amendment of the theft statute, and stressed in the opinion that the accusation in that cause was brought pursuant to the second set of possible elements. It is therefore apparent to us that the Court in the above opinions, when it “lined up” the then required statutory elements with those stated in the charging instrument, found that two statutory elements, “by another” and “which is stolen property,” were clearly missing from the pleading. Morgan, Shaddox, and Beasley, supra, are therefore clearly distinguishable from this cause because only the phrase, “the property was stolen,” was omitted from the indictment, but here such phrase is supplied by necessary inclusion through the express terms of the indictment.
The indictment in this cause is not fundamentally defective. The decision of the Houston Court of Appeals is reversed, and the cause is remanded to that court in order that it may consider the other grounds of error appellant raised in the appeal, which were not resolved in that court’s opinion.
ONION, P.J., not participating.
PETITION FOR DISCRETIONARY REVIEW

. Subsections (a) and (b) of Section 31.03, amended by Acts 1975, 64th Leg., p. 914, ch. 342, Sec. 10, eff. September 1, 1975, provides:
“(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.
“(b) Appropriation of property is unlawful if:
“(1) it is without the owner’s effective consent; or
“(2) the property is stolen and the actor appropriates the property knowing it was stolen by another.”
Prior to the amendment,
Section 31.03 provided in part:
“(a) A person commits an offense if, with intent to deprive the owner of property:
“(1) he obtains the property unlawfully; or
“(2) he exercises control over the property, other than real property, unlawfully.
“(b) Obtaining or exercising control over property is unlawful if:
“(1) the actor obtains or exercises control over the property without the owner’s effective consent; or
“(2) the property is stolen and the actor obtains it from another or exercises control over the property obtained by another knowing it was stolen.”

.More simply put, the elements of the offense of theft by receiving stolen property are: (1) a person; (2) with the intent to deprive the owner of property; (3) appropriates property; (4) which is stolen property; (5) knowing it was stolen property; (6) by another.

. However, the filing of the motion is understandable in light of footnote 1, supra, and language found in some of this Court’s past decisions. See post.

. Compare Ex parte Adame, 632 S.W.2d 619 (Tex.Cr.App.1982).

. As noted in footnote 1, supra, and as amplified in Hughes v. State, supra, “With the recent amendments to the theft statute, it is obvious that the offense of theft now has two [and not as before four], different sets of possible elements.”