CLINTON, Judge,
concurring.
The opinion of the Court is so expansive that it makes our problem appear to be more complicated than it is, and then obfuscates its own solution. It seems to me there is a better way to resolve the problem.
In pertinent part the indictment at issue alleges that appellant did
“intentionally and knowingly appropriate ... property ... knowing said property to be stolen by another and with intent to deprive the owner ... of said property.”[1]
Under V.T.C.A. Penal Code, § 31.03(a) and (b)(2)
“A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.”
and
“Appropriation of property is unlawful if:
* * * * * *
the property is stolen and the actor appropriates the property knowing it was stolen by another.”
The problem is that because the indictment did not expressly allege in haec verba that “the property is stolen,” the Houston' (14th) Court of Appeals felt obliged to find the omission rendered the indictment fundamentally defective. Dennis v. State, 629 S.W.2d 816, 817 (Tex.App.—Houston (14th) 1982). It may be conceded the one or more opinions of the Court cited by the Court of Appeals leave that impression. We now eradicate it.
That the property alleged has obtained the status of stolen property is certainly a sine qua non of the kind of theft offense proscribed by the statute. However, the essential elements of such “unlawful appropriation” are that “the actor appropriates the property knowing it was stolen by another” — that is, he knew its status as stolen property.
The indictment in this cause alleged that when appellant appropriated the described property he was aware of its status— “knowing said property to be stolen by another.” The statutory requisite that the property appropriated have the status of stolen property was thus met. To insist that the pleader aver that “the property is stolen” in addition to charging an accused with “knowing it was stolen by another” is to demand redundancy in a charging instrument for no worthwhile purpose.
Accordingly, the instant indictment is not defective in the particular found by the Court of Appeals, and I concur in the judgment of this Court.
TOM G. DAVIS, W.C. DAVIS and CAMPBELL, JJ., concur.

. All emphasis is mine unless otherwise indicated.