OPINION
JUNELL, Justice.
Nathan Joseph Robinson appeals the granting of a motion to revoke his probation. In 1979, appellant pled guilty to three counts of theft. The court assessed punishment at ten years confinement, probated, and a fine. At a hearing on a motion to revoke probation held on June 3, 1985, appellant’s probation was revoked and he was sentenced to ten years confinement.
In his three grounds of error, appellant alleges that each theft indictment was defective for failure to allege the property was taken without the effective consent of the owner. We affirm.
Appellant was convicted of three counts of theft by receiving under Tex.Penal Code Ann. section 31.03(b)(2). “Without the effective consent of the owner” is not a necessary element of the offense of theft under Tex.Penal Code Ann. section 31.03(b)(2) so that absence of the allegation will not render an indictment fundamentally defective. Hughes v. State, 561 S.W.2d 8 (Tex.Crim.App.1978).
The indictments alleged the appellant knew the property was stolen. Knowing property possessed “was stolen by another” is merely a subset of knowing the possession is “without the owner’s consent.” McClain v. State, 687 S.W.2d 350 (Tex.Crim.App.1985). There is no merit in appellant’s argument. Appellant’s three grounds of error are overruled. We affirm the granting of the motion to revoke probation.