William MILLS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 04–85–00494–CR, 04–85–00495–CR.

Court of Appeals of Texas,
San Antonio.

Sept. 9, 1987.

Emmett Moore, Houston, for appellant.

Ronald L. Sutton, Dist. Atty., Junction, for appellee.

Before CANTER, REEVES and CHAPA, JJ.

## OPINION

CHAPA, Justice.

Appellant, William Mills, was convicted in two separate causes: 1) aggravated sexual assault, and 2) indecency with a child. The complainant in both causes was his daughter, Jane Clara Mills. Appellant plead guilty to both counts.

The issues before us are:

1. Whether the aggravated sexual assault indictment was fatally defective;

2. Whether the proper statement of the complainant actually came into evidence for the jury to see;

3. Whether a change of venue was appropriate;

4. Whether no evidence was presented to support the aggravated sexual assault charge;

5. Whether the charge was fatally defective as to the indecency with a child; and

6. Whether the charge was fatally defective as to the aggravated sexual assault. The judgment is affirmed.

 Where no objection is made to the sufficiency of an indictment prior to trial, only jurisdictional defects may be considered. *Dennis v. State*, 647 S.W.2d 275, 278 (Tex.Crim.App.1983). A jurisdictional defect is one which renders the indictment insufficient in that it fails to allege the elements of the offense. *Russell v. State*, 665 S.W.2d 771, 777 (Tex.Crim.App.1983), *cert. denied*, 465 U.S. 1073, 104 S.Ct. 1428, 79 L.Ed.2d 752 (1984) *Dennis*, 647 S.W.2d at 278–79. As a general rule, an indictment that tracks the language of the statute is sufficient to allege an offense and give notice to the accused of the charge against him. *Thomas v. State*, 621 S.W.2d 158, 161 (Tex.Crim.App.1981).

TEX.PENAL CODE ANN. § 22.011 and § 22.021 (Vernon Supp.1987) provide:

§ 22.011. Sexual Assault

(a) A person commits an offense if the person:

\*　　\*　　\*　　\*　　\*　　\*

(2) intentionally or knowingly:

(B) causes the penetration of the mouth of a child by the sexual organ of the actor; or....

\*　　\*　　\*　　\*　　\*　　\*

§ 22.021. Aggravated Sexual Assault

(a) A person commits an offense if the person commits sexual assault as defined in Section 22.011 of this code and:

\* \* \* \* \* \*

(5) the victim is younger than 14 years of age.

\* \* \* \* \* \*

The indictment before us reads as follows:

... that William Mills, on or about the 17th day of December, A.D. 1984 and before the presentment of this indictment, in said court and state, did then and there intentionally and knowingly sexually assault Jane Clara Mills by causing his sexual organ to penetrate the mouth of Jane Clara Mills, a child and the said Jane Clara Mills was then and there younger than 14 years of age.

 Appellant insists the indictment is fatally defective because it fails to allege that the complainant is not the wife of the appellant. We disagree.

The record reflects that no objection was made to the indictment before the trial, and so only jurisdictional defects may be considered by the court. *Dennis,* 647 S.W.2d at 278. The indictment herein tracks the statute and is sufficient to allege the offense and properly notify the accused. *Thomas,* 621 S.W.2d at 161. The complainant, being the daughter of the appellant, could not be his wife. *Wicker v. State,* 696 S.W.2d 680, 682 (Tex.App.—Dallas 1985, pet. granted). Appellant cannot reasonably complain of insufficient notice since he certainly knew the complainant was his daughter and not his wife, and no effort was made before the trial to quash the indictment. Further, the appellant plead guilty and we find beyond a reasonable doubt that even if a defect existed in the indictment, it made no contribution to the conviction or to the punishment. TEX.R. APP.P. 81. The complaint is rejected.

Appellant originally contended that the wrong copy of complainant's statement was presented to the jury. During trial, by stipulation, State's Exhibits 1S (SX–1A), a copy of complainant's statement with deletions, was admitted into evidence. However, appellant contended that actually State's Exhibit 1 (SX–1), a copy of complainant's statement without deletions, was received in its place. Because the record was unclear, this Court ordered this issue remanded to the trial court for resolution.

After a hearing, the trial court found that SX–1A was correctly presented to the jury. Now, appellant alleges insufficiency of the evidence at the rehearing to support the trial court's findings. We disagree.

 In a hearing before the court, the trial judge is the sole judge of the credibility of the witness and the weight to be given their testimony, and may accept or reject any or all of the testimony adduced during the hearing. *Wright v. State,* 603 S.W.2d 838, 840 (Tex.Crim.App.1980). Where the sufficiency of the evidence supporting a conviction is challenged, the evidence is viewed in the light most favorable to the court's judgment. *Denison v. State,* 651 S.W.2d 754, 758 (Tex.Crim.App.1983). Because sufficiency of the evidence is a question of law, the court's findings will be upheld if there is any evidence in the record to support them. *Combs v. State,* 643 S.W.2d 709, 716 (Tex.Crim.App.1982).

 During the rehearing, Mr. Ronald L. Sutton, the district attorney who represented the state during the trial of these causes, testified that SX–1A was correctly received in evidence and presented to the jury, and that SX–1 was put in the court's jacket and was not permitted to be seen by the jury; District Judge V. Murray Jordan, who presided on these causes, testified that his recollection was that SX–1A was correctly received in evidence, and that he was careful to see that only exhibits properly received went with the jury into deliberation; and Linton Tomlin Sutton, the court reporter during the trial, testified she had caused the confusion in the appellate record by erroneously writing in an "A" in

SX–1 and including it in the appellate record. Thus, viewing the evidence of the rehearing in the most favorable light to the trial court's findings, we hold that the record supports the finding. The complaint is rejected.

Appellant next contends a change of venue was required for him to receive a fair and impartial trial. Because the record fails to reflect any request for a change of venue by the appellant in the proceedings below, the complaint is that the court should have ordered a change of venue on its own motion. TEX.CODE CRIM.PROC. ANN. art. 31.01 (Vernon 1981).

■ The trial court has broad power in a decision regarding change of venue, and the standard of review is a clear showing of an abuse of discretion. *Cook v. State*, 667 S.W.2d 520 (Tex.Crim.App.1984). "The applicant for a change of venue bears a heavy burden of proving the existence of such prejudice in the community that the likelihood of obtaining a fair and impartial jury is doubtful. *James v. State*, Tex.Cr. App., 546 S.W.2d 306 [1977]." *Stiehl v. State*, 585 S.W.2d 716, 718 (Tex.Crim.App. 1979), *cert. denied*, 449 U.S. 1114, 101 S.Ct. 926, 66 L.Ed.2d 843 (1981).

Appellant complains that the media publicity and notoriety of appellant should have caused the trial judge to change venue on his own motion. We disagree.

"The fact of publicity in the news media does not by itself establish prejudice or require a change of venue. *Knight v. State*, 538 S.W.2d 101, 103." *Stiehl v. State*, 585 S.W.2d at 718. The primary consideration should always be that "due process requires that the accused receive a trial by an impartial jury free from outside influence." *Sheppard v. Maxwell*, 384 U.S. 333, 362, 86 S.Ct. 1507, 1522, 16 L.Ed.2d 600 (1966).

In *Eckert v. State*, 623 S.W.2d 359 (Tex. Crim.App.1981), the Texas Court of Criminal Appeals was presented with a similar complaint involving the identical county before us, but where a hearing was had based on a proper motion for a change of venue with affidavits. The Court of Criminal Appeals upheld the trial court's denial of the change of venue, holding that the "Appellant [had] failed to demonstrate that he did not receive a fair trial by an impartial jury free from outside influence." *Id.* at 364.*

■ When the appellant has the opportunity to develop the prejudicial effect any publicity had on prospective jurors and fails to do so, the appellant has failed in his burden to show abuse of discretion of the trial judge. *Turner v. State*, 462 S.W.2d 9 (Tex.Crim.App.1969), *rev'd on other grounds*, 403 U.S. 947, 91 S.CT. 2289, 29 L.Ed.2d 858 (1971). In determining whether a trial judge abused his discretion in denying a change of venue, appellate courts will consider whether appellant has established he exhausted his peremptory challenges, and was forced to accept an objectionable juror. *Murray v. State*, 505 S.W.2d 589 (Tex.Crim.App.1974).

■ We have reviewed the voir dire examination of the prospective jurors which shows that of 92 prospective jurors

---

\* In upholding the trial judge the Court of Criminal Appeals stated:

When the trial court is presented with conflicting evidence, appellant must demonstrate an abuse of discretion on appeal. *Brandon v. State*, 599 S.W.2d 567 (Tex.Cr.App.); *Von Byrd v. State*, 569 S.W.2d 883 (Tex.Cr.App.); *Freeman v. State*, 556 S.W.2d 287, cert. den., 434 U.S. 1088, 98 S.Ct. 1284, 55 L.Ed.2d 794. The test to be applied is whether outside influences affecting the community climate of opinion as to a defendant are inherently suspect. *Sheppard v. Maxwell*, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600; *McManus* [*v. State*, 591 S.W.2d 505 (Tex.Cr.App.1979) ] *supra; Adami v. State*, 524 S.W.2d 693 (Tex.Cr. App.); *Morris v. State*, 488 S.W.2d 768 (Tex. Cr.App.). Clearly, this standard does not require that jurors be totally ignorant of the facts and issues and '... scarcely any of those best qualified to serve as jurors will not have formed some impression or opinion as to the merits of the case.' *Irvin v. Dowd*, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751; *Adami, supra.*
*Eckert v. State*, 623 S.W.2d at 363.

only 2 were excused for cause; that appellant's counsel conducted a competent examination of the prospective jurors and was granted all his challenges for cause; and that the remaining jurors all repeatedly indicated they could be fair and impartial to the appellant. Also, appellant has failed to show he exhausted his peremptory challenges and was forced to accept an objectionable juror. Further, aside from the handwritten note attached to appellant's brief, the newspaper clippings he submits on appeal appear to be accurate, informative and objective, and not inflammatory. *Eckert v. State,* 623 S.W.2d at 364. Appellant has thus failed to demonstrate an abuse of discretion on the part of the trial judge for failing to change venue on his own motion. The complaint is rejected.

 In his fourth point of error, appellant alleges no evidence was presented to support the conviction of aggravated sexual assault.

The standard of review in both circumstantial and direct evidence cases requires that we examine the evidence in the light most favorable to the prosecution and determine whether a rational trier of the facts could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Dickey v. State,* 693 S.W.2d 386, 387 (Tex.Crim. App.1984).

This record reflects the appellant, after appropriate admonitions, plead guilty to both indictments, and "the entry of the plea, after due admonition, is conclusive of guilty, unless the evidence introduced upon the trial makes manifest the innocence of the accused." *Anderson v. State,* 118 Tex. Crim. 194, 42 S.W.2d 1012 (1931).

The indictment before us charges the appellant committed the acts alleged "on or about the 17th day of December, A.D. 1984." TEX.CODE CRIM.PROC.ANN. art. 12.01(3)(C) (Vernon Supp.1987) prescribes the statute of limitation on aggravated sexual assault as five years from the date of the offense. "The State is not bound by the date on or about which the offense is alleged to have been committed and a conviction may be had upon proof that the offense was committed at any time prior to the return of the indictment which is within the period of limitation." *Hill v. State,* 544 S.W.2d 411, 413 (Tex.Crim.App. 1977).

The complainant's statement, dated March 13, 1985, alleges that the acts alleged in the indictment:

1) commenced 'a long time ago, maybe five or six years ago,'
2) 'happens about one time each week,'
3) 'happened about ten times this year;' and
4) 'the 1st time this happened was on February 22, 1985.'

Appellant's statement to the jury admitted having committed the acts alleged in the indictment the first time five years ago, and continuing to do so for five years. Therefore, the record supports the plea of guilty of the appellant and is conclusive of his guilt. The complaint is rejected.

 In his last two complaints, appellant contends the court's charge to the jury on both counts was fatally defective in that it failed to include all appropriate verdict forms for the jury's consideration. This complaint came about because the blank forms the jury failed to use were not included originally in the record before this court. This matter has subsequently been addressed by the trial court in the rehearing ordered by this court along with the matter involving SX-1A. The trial court found "that the proper charges were submitted to the jury that contained the proper verdict forms, and that the clerk made an error in not submitting those to the Court of Appeals." Appellant has failed to challenge this finding of the trial court and presents nothing to review. The complaints are rejected.

The judgment is affirmed.