**Emmett F. HINE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60968.**

Court of Criminal Appeals of Texas, Panel No. 2.

Oct. 28, 1981.

Kenneth E. Houp, Jr., Austin (court appointed on appeal only), for appellant.

James L. McMurtry, County Atty., and Joseph A. Turner, Asst. County Atty., Austin, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and W. C. DAVIS and TEAGUE, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for harassment, where the punishment was as-

sessed at 10 days in jail and a $300.00 fine by the court following a jury verdict of guilty. See V.T.C.A., Penal Code, § 42.-07(a)(1). The appellant was then placed on misdemeanor probation for 180 days. See Article 42.13, V.A.C.C.P. Notice of appeal was given.

We are confronted at the outset with appellant's challenge to the sufficiency of the evidence to sustain the conviction.

Omitting the formal parts, the information alleged the appellant on or about April 3, 1977 "did then and there intentionally communicate by telephone in obscene language, and in coarse and offensive manner did intentionally and knowingly annoy the recipient, Martha Allbright."

The elements of the offense of harassment under V.T.C.A., Penal Code, § 42.-07(a)(1), are:

(1) A person

(2) intentionally, knowingly, or recklessly

(3) annoys or alarms the recipient or intends to annoy or alarm the recipient

(4) communicates by telephone or in writing in vulgar, profane, obscene, or indecent language or in a coarse and offensive manner.

See Branch's Texas Anno. Penal Statutes, Vol. 3, § 42.07, pp. 206–208.

Martha Allbright testified that on Sunday morning, April 3, 1977, she was employed as a clerk at the Emergency Room of the Brackenridge Hospital in Austin. She related another employee answered the telephone and relayed information to her. Allbright was informed that a "Mr. Hine" was inquiring about a $20.00 payment his wife, Martha, had made while she was in the said emergency room. Allbright made a search of the log book to see when a Martha Hine had been in the emergency room. Going back to March 31, 1977, she found that a person by that name had been treated but no record of any receipt showing she had paid $20.00. She related the call was transferred to the cashier. Approximately thirty minutes later Allbright answered the phone and a "Mr. Hine" told her his wife had been a patient in the emergency room and had been asked for $20.00 upon dismissal. The information was consistent with information given her by another employee after the first call. She told him the records did not reflect such payment, but the Central Texas Medical Foundation, a doctors' organization, also served the emergency room, and he needed to be more specific where the $20.00 was paid. The caller said his wife was drunk at the time and didn't remember where it was paid, and his daughter, who was with her at the time, was in Houston at a christening. When told Allbright couldn't help him any further, the caller became angry and shouted, "Fuck you, fuck you, you son of a bitch, fuck you." The conversation terminated. Allbright testified she had heard that kind of language in the emergency room before, but it had never been directed to her before. She felt annoyed, offended and considered it a personal attack. After she hung up the phone, she began to cry. A police officer on duty in the emergency room inquired why she was crying, and she told him of the conversation. She asked if he could do anything about it, and upon receiving an affirmative answer, asked him to proceed.

Austin police officer Kent Emerick testified he observed Allbright crying on the day in question, and she told him of the telephone conversation. Emerick went to the emergency room ledger and found the name of a Martha Hine "at 2608 Hemphill Park, whatever the address was at the time. I don't recall exactly." Thereafter he called the telephone information operator and learned that there was no listing for a Martha Hine at the address given, but a listing for an Emmett Hine at such address.

Emerick then called the telephone number given him by the operator, and the man answering the phone identified himself as Emmett Hine, and Emerick identified himself as a police officer and asked the man answering the phone if he had just called the Brackenridge Hospital. The answerer replied he had. He then added he had talked to a girl there and "had just blown up."

After calling Allbright and Emerick, the State rested. The appellant likewise rested. The court then charged the jury. While this was a circumstantial evidence case, the court did not charge on the law of circumstantial evidence, nor was a special requested charge or an objection to the charge given.

Allbright testified she did not know the appellant and there is no showing that she knew or recognized his voice. Officer Emerick did not testify that he knew the appellant or could identify his voice. There was no testimony that the appellant lived at the time at the address given by Emerick (of which he was unsure) or that appellant had a wife named Martha. The telephone number dialed by Emerick was never revealed, and there was no showing that such number was listed in appellant's name except the hearsay testimony of Emerick that some unidentified telephone operator told him so. There was no showing that there was only one "Emmett Hine" in the telephone listings in Austin at the time. Emerick testified the man who identified himself as Emmett Hine over the telephone stated he had talked to a girl at the hospital and "had just blown up." The conversation did not reveal to whom the other party on the telephone had talked at the hospital or when that conversation occurred, and the statement that he "had just blown up" did not confirm the language testified to by Allbright, who did not know the appellant or his voice, and which was essential to a conviction under V.T.C.A., Penal Code, § 42.07(a)(1).

In *Young v. State*, 544 S.W.2d 421 (Tex. Cr.App.1976), it was written:

"The court will not presume any acts against the accused that are not shown to have been committed by him. Furthermore, a conviction will not be sustained on appeal if the evidence does not sufficiently establish all material elements of the offense charged."

In *Ysasaga v. State*, 444 S.W.2d 305, 308, 309 (Tex.Cr.App.1969), this court wrote:

"In determining whether circumstantial evidence is sufficient to support a conviction each case must necessarily be·

tested by its own facts and viewed in the light most favorable to the State.

"Ordinarily the test on appeal is whether there was evidence from which the jury (advised of the restrictions which the law places upon them in condemning one on circumstantial evidence) might reasonably conclude that every reasonable hypothesis other than guilt was excluded.

" 'In criminal cases, a judgment of conviction, to be sustained on appeal, must be supported by evidence that produces a moral certainty of the guilt of the accused to the exclusion of every reasonable doubt. The evidence will be insufficient to sustain the conviction where, although not leaving the accused free from suspicion of guilt, it still fails to show his guilt to a moral certainty, so as to exclude all reasonable doubt.

" 'In ascertaining whether the guilt of the accused has been established to a moral certainty, the appellate court will review the evidence in light of the presumption that the accused is innocent. The Court will not presume any acts against the accused that are not shown to have been committed by him. Furthermore, a conviction will not be sustained on appeal if the evidence does not sufficiently establish all material elements of the offense charged.' 24 Tex.Jur.2d Evidence, Sec. 742, p. 422."

Viewing the evidence in the light most favorable to the jury's verdict, we conclude the evidence is insufficient to sustain the conviction. The State simply did not meet its burden of proof.

The judgment is reversed and an acquittal is ordered to be entered in light of *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

TEAGUE, J., not participating.