Michael Edward CAMPBELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 027–83.

Court of Criminal Appeals of Texas, En Banc.

June 29, 1983.

Robert W. Tarrant, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Roberto Gutierrez, and Robert K. Loper, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted of the offense of harassment under V.T.C.A. Penal Code, Sec. 42.07(a)(1). Punishment was assessed at 180 days in the Harris County Jail. The First Court of Appeals in Houston affirmed appellant's conviction. Appellant, in his petition for discretionary review, contends the Houston Court of Appeals and the trial court were in error due to the existence of fundamental defects in both the misdemeanor information and the trial court's charge to the jury.

Section 42.07, supra, provides:

"A person commits an offense if he intentionally:

"(1) communicates by telephone or in writing in vulgar, profane, obscene, or indecent language or in a coarse and offensive manner and *by this action* intentionally, knowingly, or recklessly annoys or alarms the recipient or intends to annoy or alarm the recipient." [1]

Omitting the formal parts, the misdemeanor information in the instant cause alleged that the appellant did:

"intentionally communicate by telephone in vulgar, profane, obscene and indecent language, and in coarse and offensive manner, intentionally and knowingly annoy and alarm the recipient, Cleon Edward Fondren..."

We initially note that appellant accurately contends the information does not allege that the appellant did annoy or alarm the recipient *by the action* of communicating by telephone in vulgar, profane, obscene, and indecent language or in a vulgar manner, which appellant alleges to be an essential element of the offense of harassment under Sec. 42.07, supra.

At first blush, the case law would appear to be in conflict as to the elements required to prove an offender's guilt under Sec. 42.-07, supra. In *Kramer v. State,* 605 S.W.2d 861 (Tex.Cr.App.1980), then Judge Phillips opined:

"Under this provision of the harassment statute the elements the State must prove are (1) a person (2) intentionally (3) communicates (by telephone or writing (4)(a) in vulgar, profane, obscene, or indecent language or (b) in a coarse and offensive manner and *by such action* (5)(a) intentionally, knowingly, or recklessly an-

noys or alarms the recipient or (b) intends to annoy or alarm the recipient."

In *Hine v. State,* 622 S.W.2d 872 (Tex.Cr. App.1981), Presiding Judge Onion opined:

"The elements of the offense of harassment under V.T.C.A. Penal Code, Sec. 42.07(a)(1) are:

"(1) a person

"(2) intentionally, knowingly, or recklessly

"(3) annoys or alarms the recipient or intends to annoy or alarm the recipient

"(4) communicates by telephone or in writing in vulgar, profane, obscene, or indecent language or in a coarse and offensive manner..."

Thus, the threshold question in the instant cause becomes whether or not the omission of the term *"by this action"* constitutes a fundamental defect in the charging instrument such as to render the court without jurisdiction? See *American Plant Food Corp. v. State,* 508 S.W.2d 598 (Tex.Cr.App. 1974).

In *Hine,* supra, the information charging the appellant in that cause is essentially identical to that in the instant cause, viz:

"did then and there intentionally communicate by telephone in obscene language, and in coarse and offensive manner did intentionally and knowingly annoy the recipient, Martha Albright."

Although the sufficiency of the information was not challenged in *Hine,* supra, it must be noted that a panel of this Court tacitly approved it.

Quite analogous to the situation in the case at bar is this Court's opinion in *Ex parte Adame,* 632 S.W.2d 619 (Tex.Cr.App. 1982). In *Adame,* supra, there was a prosecution under V.T.C.A. Penal Code, Sec. 31.-03(b)(2). In *Adame,* supra, omitting the formal parts, the indictment alleged:

"did then and there with intent to deprive the owner of property, did then and there unlawfully appropriate stolen property, to-wit: one typewriter, and one adding machine of the value of more than $200 and less than $10,000, the said property having been stolen from Grady L.

Roberts, Jr., its lawful owner, and said George Adame acquired said property from said Jake Vinton knowing that it was stolen property."

Judge McCormick noted that the elements of theft under Sec. 31.03(b)(2), supra, are:

"(1) a person

"(2) with the intent to deprive the owner of property

"(3) appropriates property

"(4) which is stolen property

"(5) knowing it was stolen

"(6) *by another.*"

The applicant in *Adame,* supra, contended that the indictment was fundamentally defective for failing to allege that the property he appropriated was stolen *by another.* Judge McCormick reasoned:

"The indictment in the instant case clearly alleges that the applicant appropriated the stolen property belonging to the complainant by acquiring said property from Jake Vinton knowing it was stolen property. By not alleging that the applicant stole the property initially from the complainant, it is 'a logical deduction arising from a reasonable reading of the entire indictment' that such was stolen by another.... (citations omitted)"

Judge McCormick further opined:

"The only issue left to be resolved is whether the language is sufficient to allege that the property was stolen 'by another.' *That is, we must ascertain whether the indictment, when read as a whole sufficiently charges the offense.*"

■ Turning to the instant cause, we must determine whether the charging instrument read as a whole sufficiently charges the offense of harassment. A logical deduction that arises from a reasonable reading of the information in the instant cause is that the State alleges that the appellant did:

"(1) intentionally communicate by telephone

"(2) in vulgar, profane, obscene and indecent language, and

"(3) in coarse manner

"(4) intentionally and knowingly annoy and alarm the recipient Cleon Edward Fondren."

Hypothesizing, if the State had alleged in the information that the appellant intentionally communicated by telephone, in vulgar, profane, obscene and indecent language and in a coarse manner, and *thus* intentionally and knowingly annoy and alarm the recipient Cleon Edward Fondren, would the information be sufficient to confer jurisdiction upon the trial court? We believe that it would because the gravamen of the offense of harassment under Sec. 42.07, supra, is the communication to a victim in vulgar, profane, obscene or indecent language or in a coarse manner with the intent to annoy and alarm the victim. The phrase *"by this action"* is a transitory or prepositional phrase that tends to connect the act of communication by the offender to the intent of the offender to annoy and alarm the victim. The Code Construction Act (Tex.Rev.Civil Statutes, Art. 5429b–2) provides that we may consider legislative history (Sec. 3.03), and that words that have acquired a particular meaning, whether by legislative definition or otherwise, shall be construed accordingly. (Sec. 2.01). These sections of the Code Construction Act have been specifically applicable to the penal code, V.T.C.A. Penal Code, Sec. 1.05(b). The precursors of Sec. 42.07, supra, were V.A.P.C. Penal Code, Arts. 476, 1295, and 1296.

Art. 476, supra, provided:

"Whoever uses any vulgar, profane, obscene or indecent language over or through the telephone shall be fined not less than $5 nor more than $100."

Art. 1295, supra, provided:

"If any person shall send or cause to be sent to any person any anonymous letter or written instrument of any character whatsoever, reflecting upon the integrity, chastity, virtue, good character or reputation of the person to whom such letter or written instrument is sent or addressed, or of any other person, or wherein the life of such person is threatened, said person so sending such letter or written instrument shall be fined not less than $250 nor more than $1,000, and confined to jail for not less than one nor more than twelve months."

Art. 1296, supra, provided:

"By an anonymous letter or written instrument, within the meaning of this chapter, is meant where the sender of the same withholds his full and true name from the same or where no name or where a fictitious name is signed thereto, or where any description of such sender instead of a name is used, such as 'a friend' or the like."

Thus old articles 476, 1295, and 1296, supra, have been consolidated and expanded in Sec. 42.07, supra, of the New Penal Code. We believe that a common sense reading of the information in the case at bar, coupled with the legislative history as set out herein, demonstrate that the information in this cause was sufficient to allege an offense under our laws and we so hold.[2]

2. We do not by this holding imply that the information in the case at bar is a model for harassment cases. To the contrary, it should be avoided. We note the proposed charging instruments found in 7 Morrison and Blackwell, Texas Practice, Wilson's Criminal Forms Annotated, Secs. 18.08, 18.09, 18.10 (8th ed. 1977) each include language which adequately connect the harassment with the victim's annoyance or alarm:

"Sec. 18.08  Harassment—Profane,  etc. Language

". . . . A.B., did then and there, intentionally communicate by telephone [or in writing] in vulgar, profane, obscene and indecent language [or in a coarse and offensive manner] *and by this action* intentionally and knowing-

ly [or recklessly] annoyed and alarmed [or intended to annoy and alarm] C.D. the recipient of said communication."

"Sec. 18.09  Harassment—Threats

". . . . A.B., did then and there intentionally threaten by telephone [or in writing] to take unlawful action, to wit: _____ [specify] against C.D. *and by this action* intentionally and knowingly [or recklessly] annoyed and alarmed [or intended to annoy and alarm] C.D. the recipient of said threats."

"Sec. 18.10—Harassment—Anonymous Calls

". . . . A.B., did then and there intentionally place an (or more than one) anonymous telephone call to C.D. at an unreasonable hour, to wit: _____ [specify] without a legitimate

In his second and final ground of error, appellant alleges that the trial court charged the jury upon a theory not alleged in the indictment. The record reflects that the trial court charged the jury in the abstract, tracking the exact language of Sec. 42.08, supra. In the application paragraph of the court's charge, however, appellant alleges that the trial court tracked the language used in the information, thereby deleting the term *"by this action."* We find that the appellant's contention is absolutely correct, but due to our disposition of ground of error number one, find that appellant's contention is without merit.

The judgment of the Court of Appeals is affirmed.

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge, dissenting.

Appellant was convicted of the offense of telephone harassment. Punishment is 180 days in the Harris County Jail. The First Court of Appeals in Houston affirmed appellant's conviction. Appellant in his petition for discretionary review contends that the Houston Court of Appeals was in error due to fundamental defects in both the information and jury charge.

Section 42.07(a)(1), V.A.P.C. provides:

"A person commits an offense if he intentionally:

"(1) communicates by telephone or in writing in vulgar, profane, obscene, or indecent language or in a coarse and offensive manner and *by this action* intentionally, knowingly, or recklessly annoys or alarms the recipient or intends to annoy or alarm the recipient." [1]

In the instant situation the charging instrument alleges, in pertinent part that the appellant did:

"intentionally communicate by telephone in vulgar, profane, obscene and indecent language, and in coarse manner intentionally and knowingly annoy and alarm the recipient . . . ."

In *Kramer v. State,* 605 S.W.2d 861 (Tex. Cr.App.1979) Judge Phillips identified the essential elements which the State must prove in order to convict under the harassment statute:

"Under this provision of the harassment statute the elements the State must prove are (1) a person (2) intentionally (3) communicates (by telephone or writing) (4)(a) in vulgar, profane, obscene, or indecent language or (b) in a coarse and offensive manner and by such action (5)(a) intentionally, knowingly, or recklessly annoys or alarms the recipient or (b) intends to annoy or alarm the recipient."

The plain language of the statute establishes that the offense is committed by the defendant communicating in such a manner as to annoy or alarm the victim.[2] This

purpose of communication [or in an offensive and repetitious manner] *and by this action* intentionally and knowingly [or recklessly] annoyed and alarmed [or intended to annoy and alarm] C.D. the recipient of said call [or calls]."

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

2. We note the proposed charging instruments found in 7 Morrison and Blackwell, Texas Practice, Wilson's Texas Criminal Forms Annotated, Sections 18.08, 18.09, 18.10 (8th ed. 1977) each include language which adequately connect the harassment with the victim's annoyance or alarm:

"Sec. 18.08 Harassment—Profane, etc. Language

"[Commencement Form, Ch. 1] A.B., did then and there, intentionally communicate by telephone [or in writing] in vulgar, profane, obscene and indecent language [or in a coarse and offensive manner] *and by this action* intentionally and knowingly [or recklessly] annoyed and alarmed [or intended to annoy and alarm] C.D. the recipient of said communication.

"Sec. 18.09 Harassment—Threats

"[Commencement Form, Ch. 1] A.B., did then and there intentionally threaten by telephone [or in writing] to take unlawful action, to wit: _____ [specify] against C.D. *and by this action* intentionally and knowingly [or recklessly] annoyed and alarmed [or intended to annoy and alarm] C.D. the recipient of said threats.

"Sec. 18.10 Harassment—Anonymous Calls

communication must be the action which causes the victim's annoyance or alarm. Failure of the charging instrument in the instant case to tie the communication by the appellant to the victim's annoyance or alarm was fundamental error.

The judgment of the Court of Appeals should be reversed and the information ordered dismissed. I dissent.

ODOM, TEAGUE and MILLER, JJ., join in this opinion.

---

"[Commencement Form, Ch. 1] A.B., did then and there intentionally place an (or more than one) anonymous telephone call to C.D. at an unreasonable hour, to wit: _____ specify without a legitimate purpose of communication [or in an offensive and repetitious manner] *and by this action* intentionally and knowingly [or recklessly] annoyed and alarmed [or intended to annoy and alarm] C.D. the recipient of said call [or calls]."