Opinion issued May 25, 2006








 



    





In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00514-CR




MICHAEL ALAN WHITE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the County Court at Law No. 2
Fort Bend County, Texas
Trial Court Cause No. 110,178-A




MEMORANDUM OPINION
          Michael Alan White, appellant, was charged by information with the
misdemeanor offense of telephone harassment. A jury found appellant guilty, and the
State and appellant agreed on a punishment of 180 days’ confinement, whereby the
trial court suspended the sentence and placed appellant on community supervision for
15 months, with a $300.00 fine. In two points of error, appellant asserts that the
evidence is legally and factually insufficient to support his conviction. We affirm.
Background
          Appellant married Romona Douglas in September 2000 and divorced her in
October 2001. The divorce decree granted appellant standard visitation rights for the
only child of the marriage, by allowing appellant to visit the child every Wednesday
and on the first, third, and fifth weekend of every month. Because appellant served
in the military and did not always have the first, third or fifth weekend available,
appellant and Douglas attempted to work visitation around appellant’s military
schedule by allowing visitation on unscheduled weekends. If appellant had a free
weekend, he would call Douglas to schedule a visitation.
          Douglas first began experiencing problems with appellant’s multiple phone
calls on December 23 and 24, 2003. During this time, appellant had custody of the
child and was visiting his ailing father. Although the reasons for appellant’s calling
Douglas are disputed, phone records indicate that he called Douglas 54 times on the
23rd from 10:08 pm to 11:59 pm and that he called 117 times on the 24th. Douglas
did not contact police until January 13, 2004, however, when appellant called her
approximately 20 times. After Douglas spoke with appellant 3-4 times that day and
asked him not to call, she blocked his telephone number. But, appellant continued
to call her by using either a calling card or an 800 service which was not blocked. 
When Douglas eventually contacted police to report appellant’s behavior, she was
told that because the two had a child together she would have to resort to family court
to solve the problem.



          On February 6th, from 12:22 pm to 12:45 pm, appellant called Douglas on her
work or cell phone 10 times. Later that night, appellant started calling at 9:55 pm and
called 42 times over the next hour. Appellant testified that he had called to arrange
visitation with his child because it was his weekend under the divorce decree. On
February 12th, when appellant called Douglas 18 more times, Douglas contacted the
police again and explained that appellant’s phone calls were annoying. When the
officer who responded to the call phoned appellant, appellant hung up on him.
          Additional dates of significance include January 30th and 31st and February
23rd, when appellant called Douglas 37 times, 15 times, and 16 times respectively.
Legal Sufficiency
          In his first point of error, appellant contends the evidence was legally
insufficient to support his conviction. Appellant argues that he did not have the intent
to harass, annoy, or alarm Douglas.
          Appellate courts review a legal sufficiency challenge by viewing the evidence
in the light most favorable to the verdict to determine if any rational fact finder could
have found the essential elements of the criminal offense beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Although our analysis considers all
evidence presented at trial, we may not reweigh the evidence and substitute our
judgment for that of the fact finder. King, 29 S.W.3d at 562. The jury, as trier of fact,
is the sole judge of the credibility of the witnesses and may believe or disbelieve all
or any part of a witness’s testimony. Reece v. State, 878 S.W.2d 320, 325 (Tex.
App.—Houston [1st Dist.] 1994, no pet.).
          A person commits the offense of harassment “if, with the intent to harass,
annoy, alarm, abuse, torment, or embarrass another, he: . . . (4) causes the telephone
of another to ring repeatedly or makes repeated telephone communications
anonymously or in a manner reasonably likely to harass, annoy, alarm, abuse,
torment, embarrass, or offend another.” Tex. Pen. Code Ann. § 42.07(a)(4) (Vernon
2003). A person intends his conduct when it is his conscious objective or desire to
cause the result. Id. § 6.03(a). 
          Appellant argues that section 42.07(a)(4) of the Penal Code was primarily
designed to criminalize obscene or vulgar phone calls, and that this case does not
involve such phone calls. Appellant relies on Campbell v. State which states that “the
gravamen of the offense of harassment under Sec. 42.07 . . . is the communication to
a victim in vulgar, profane, obscene or indecent language or in a coarse manner with
the intent to annoy and alarm the victim.” 653 S.W.2d 23, 26 (Tex. Crim. App.
1983). Appellant’s reliance is misplaced. In Campbell, the court addressed whether
the charging instrument sufficiently charged the offense of harassment and discussed
the portion of Section 42.07 that criminalizes the actual communication of vulgar,
profane, or obscene language. Id. at 24–25. The court did not address the portion of
Section 42.07 that criminalizes the act of placing multiple phone calls with the intent
to harass or annoy. In the present case, because appellant was charged with
harassment by causing another’s phone to ring repeatedly and not with harassment
for making vulgar, profane, or obscene phone calls, Campbell’s construction is not
controlling. Section 42.07(a)(4), at issue here, requires only repeated phone calls
made with the intent to harass, annoy, alarm, abuse, torment, or embarrass another;
it does not require vulgar, obscene or profane communications. Tex. Pen. Code
Ann. § 42.07(a)(4) (Vernon 2003).
          This Court has stated that the act of making repeated telephone calls is not, by
its nature, criminal. Blount v. State, 961 S.W.2d 282, 284 (Tex. App.—Houston [1st
Dist.] 1997, pet. ref’d) (citing Ford v. State, 870 S.W.2d 155, 160 (Tex. App.—San
Antonio 1993, pet. ref’d)). The act is criminalized because the actor wants to cause
the result of harassing or annoying the victim. Id. Based on the statutory language,
a defendant is criminally responsible for telephone harassment only when he intends
the result of his actions. Id. A defendant’s intent may be inferred from circumstantial
evidence, such as his words, actions, and conduct. Id. 
          Appellant contends his intent was to arrange visitation with his child, not to
harass or annoy Douglas. Although appellant’s intent for some of the phone calls
may have been to arrange visitation, the evidence shows that, in so desiring to arrange
visitation, he incessantly called Douglas on February 6th, sometimes at a rate of two
to three calls per minute. Of the 43 phone calls from 9:55 pm to 10:55 pm, Douglas
testified that she spoke with appellant at least 4-5 times and asked him not to call, but
he persisted. The substance of appellant’s calls also suggests that he intended to
harass or annoy Douglas. She testified that appellant’s calls did not concern the
child, but were about her personal character. Even assuming that appellant called
only about picking up the child because February 6th was appellant’s scheduled
visitation day, Douglas testified that 9:55 pm was not an appropriate time to call
about picking up their child because he was already sleeping at that time.
          Finally, the sheer number of times appellant called Douglas is evidence that
appellant intended to harass or annoy her. Over the course of eight nonconsecutive
days, appellant called Douglas at least 329 times. Appellant admits in his brief that
the “repeated calls were made because [Douglas] refused to answer the phone or
return his phone calls.” The jury could have found that appellant’s strategy was to
call persistently until Douglas could no longer endure the ringing phone and would
have to answer. Viewing the evidence in the light most favorable to the verdict, we
conclude that appellant’s incessant calling provided sufficient circumstantial evidence
from which a rational fact finder could have found beyond a reasonable doubt that
appellant intended to harass, annoy, alarm, abuse, torment, or embarrass Douglas. 
See King, 29 S.W.3d at 562. We overrule appellant’s first point of error.
Factual Sufficiency
          In his second point of error, appellant contends the evidence is factually
insufficient because the contrary evidence is strong enough that the beyond-a-reasonable-doubt standard could not have been met.
          In a factual-sufficiency review, we view all of the evidence in a neutral light,
both for and against the finding, and set aside the verdict if proof of guilt is so
obviously weak as to undermine confidence in the jury’s determination, or the proof
of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. 
Vodochodsky v. State, 158 S.W.3d 502, 510 (Tex. Crim. App. 2005). In conducting
our review, we consider all of the evidence weighed by the jury, comparing the
evidence which tends to prove the existence of the elemental fact in dispute to the
evidence which tends to disprove it. Id. We are authorized to disagree with the jury’s
determination even if probative evidence exists that supports the verdict, but we must
avoid substituting our judgment for that of the fact-finder. Id. We must also be
mindful that the fact finder is the sole judge of the credibility of the witnesses and
may choose to believe all, some, or none of the testimony presented. Cain v. State,
958 S.W.2d 404, 407 n.4–5 (Tex. Crim. App. 1997). The fact-finder is the judge of
the weight to give contradictory testimonial evidence because it turns on an
evaluation of credibility and demeanor. Id. at 408-09.
          Appellant argues that, because (1) Douglas testified to answering only 4-5
phone calls, (2) no call was obscene or vulgar, (3) Douglas turned off her ringer, and
(4) he called to schedule a visitation with his son, the evidence is factually
insufficient. We disagree and conclude there is factually sufficient evidence that
appellant repeatedly called Douglas with the intent to harass her. 
          Section 42.07(a)(4) of the Penal Code requires only that the phone ring
repeatedly and does not require that the repeated phone calls be answered. Tex. Pen.
Code Ann. § 42.07(a)(4) (Vernon 2003). Here, the record shows that appellant
called Douglas 52 times on February 6th, and that 42 of those calls occurred within
one hour. Even if we were limited to the 4-5 answered phone calls, the number is of
no consequence because this Court noted that two phone calls in one day are enough
to meet the “repeated” element of Section 42.07. Blount, 961 S.W.2d at 285. It is
likewise of no consequence that Douglas turned the ringers on her phone off, because
she testified she did so only after the phone rang repeatedly. Finally, Douglas also
testified that she asked appellant not to call, that he persisted, and that the telephone
calls related to her personal character and not their child. Based on the evidence
before it, the jury was entitled to reconcile the contradictory testimony in favor of the
State. Reece, 878 S.W.2d at 325 (stating that the jury is the sole judge of the
credibility of the witnesses). Because our evaluation should not intrude upon the fact
finder’s role as the sole judge of the weight and credibility given to any witness’s
testimony, when we view the evidence in a neutral light, we conclude that the
evidence supporting appellant’s conviction is not so obviously weak as to undermine
confidence in the jury’s determination; similarly, the proof of guilt is not greatly
outweighed by contrary proof. Vodochodsky, 158 S.W.3d at 510. We overrule
appellant’s second point of error.
Conclusion
          We affirm the judgment of the trial court.
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).