**Richard Earl THORNTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–84–00463–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 18, 1987.

Discretionary Review Refused
Oct. 21, 1987.

Paul Tatum, Holt & Tatum, Nacogdoches, for Thornton.

John B. Holmes, Jr., Harris County Dist. Atty., Houston, Kathlyn Giannaula, Harris County Asst. Dist. Atty., Houston, for State.

Before JACK SMITH, DUNN and SAM BASS, JJ.

OPINION

DUNN, Justice.

The appellant pled no contest to the charge of aggravated sexual assault of a child. After hearing evidence, the court found the appellant guilty and sentenced him to 10 years confinement.

In point of error one, the appellant argues that the indictment fails to allege all the necessary elements of the offense and is, therefore, fundamentally defective. This argument is without merit.

■ Because no motion to quash the indictment was filed, only jurisdictional defects will be considered on appeal.[1] *Dennis v. State*, 647 S.W.2d 275, 278 (Tex. Crim.App.1983). A jurisdictional defect in an indictment is a defect that renders the indictment insufficient in that it fails to allege the constituent elements of the offense. *Id.*

In the case before us, the appellant's indictment alleged that he did:

intentionally and knowingly cause the penetration of the ANUS of G.T., hereafter styled the Complainant, a person younger than fourteen years of age and not his spouse by placing PENIS in the ANUS of the Complainant.

The relevant statute, Tex.Penal Code Ann. sec. 22.011(a)(2)(A) (Vernon Supp. 1987), provides as follows:

A person commits an offense if the person ... intentionally or knowingly ... *causes* the penetration of the anus or female sexual organ of a child *by any means* ...

(Emphasis added.)

The appellant argues that the indictment is fundamentally defective because it does not allege that *his* penis penetrated the child's anus. This argument is without merit because the statute does not require that the penetration be caused by the actor's penis; it merely requires that the actor knowingly or intentionally caused the penetration "by any means." The penetration *could* be accomplished by the actor's penis; however, it could also be accomplished by the use of any part of the accused's or another person's body, or any other animate or inanimate object.

The indictment alleged all the necessary elements of the offense, and was, therefore, not fundamentally defective.

Point of error one is overruled.

In point of error two, the appellant argues that his plea of no contest was not voluntary. This argument is without merit.

■ The record as a whole must be examined to determine the voluntariness of a guilty plea. *Richards v. State*, 562 S.W.2d 456, 458 (Tex.Crim.App.1978). Prior to accepting the appellant's plea, the trial court inquired of the appellant whether his plea was free and voluntary and not the result of fear or promises, to which the appellant responded in the affirmative. The judge also informed the appellant of the range of punishment, and ascertained that the appellant had ample opportunity to consult with his attorney. The trial court complied with the requirements of Tex. Code Crim.P.Ann. art. 26.13 (Vernon Supp. 1987). The appellant's attestation of voluntariness at the original plea hearing imposes a heavy burden on the appellant to later show, at a subsequent hearing, a lack of voluntariness. *See United States v. Diaz*, 733 F.2d 371, 373–74 (5th Cir.1984).

■ The appellant argues that certain statements made by him at the pre-sentence investigation hearing raised a question concerning the voluntariness of his plea. The appellant relies on the following exchange between the court and the appellant at that hearing:

Q. (The court): And he (the psychologist) states (in a letter that) Richard (the appellant) states that he does not recall raping his stepdaughter?

A. (The appellant): Well, at that time, you know, everything was still blurry because I really didn't—I really didn't even as much as hardly know who I was when they picked me up that day because I don't know what was wrong. That's why, you know, I was trying to get help now because I really don't know what was wrong. Around that time everything was still blurry. I wasn't sure what really happened.

Q. Blurry?

A. Yes, sir.

Q. Well, if you didn't know what happened on October the 15th[,] and then

---

1. The indictment was filed on October 21, 1983; therefore, Tex.Code Crim.P.Ann. 1.14(b) (Vernon Supp.1987) does not apply.

several days after that you made a confession and stated that you did know?

A. Yes, sir, because—

Q. Then after you got out of jail you stated that you didn't know in the confession you said that you did it?

A. Yes, sir.

Q. Then why in the world would you tell the doctor that you didn't know?

A. I asked the doctor to help me. I wasn't really sure what had happened.

However, the appellant neglects to include the portion of this conversation wherein the court asked, "Did you sexually abuse this child?" and the appellant answered, "Yes, sir, I did." Also, again in reference to the psychologist's letter, the following exchange occurred:

Q. (The court): Richard states on December 6th; that's you, isn't it, to Dr. Buckingham that he didn't recall raping his stepdaughter? That's a lie, isn't it?

A. (The appellant): Yes, sir.

Q. You remembered it. You recalled it; that's right, isn't it?

A. Yes, sir.

Q. That's exactly right and he really doubts that you did it. You didn't have a *doubt in your mind at all that you did it,* did you?

A. No, sir.

Q. That was just a lie that you told?

A. Yes, sir.

The appellant effectively withdrew any previous allegation that he did not recall committing the offense. Such withdrawal, when viewed in terms of the totality of the circumstances surrounding the appellant's original plea, and his testimony at the hearing, supports a finding that his plea was entered voluntarily.

Point of error two is overruled.

The judgment is affirmed.