Opinion issued July 25, 2002








 




In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00930-CR

____________


HECTOR VEGA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause No. 844082






O P I N I O N

 Appellant, Hector Vega, pleaded guilty to the felony offense of delivering
cocaine. After reviewing the presentence investigation report (PSI), the trial court
denied appellant's motion to withdraw his guilty plea, found him guilty, and assessed
punishment at 20-years imprisonment and a $1,000 fine. Appellant, in two points of
error, argues that: (1) his guilty plea was involuntary and (2) the trial court erred by
denying his motion to withdraw his guilty plea because he was deprived effective
assistance of counsel. 

Background

 Appellant was indicted for constructively transferring 400 grams or more of
cocaine. Appellant pleaded guilty, was admonished by the trial court, and signed a
waiver of his constitutional rights. The following testimony was taken from the plea
hearing:

 COURT: Are you pleading guilty because you are guilty and for no
other reason?

 DEFENDANT: Yes, ma'am.

 COURT: Has anybody forced or threatened than [sic] you in any way
to get you to enter your plea?

 DEFENDANT: No, ma'am . . . .

 COURT: And are you entering this plea freely and voluntarily?

 DEFENDANT: Yes, ma'am.

 COURT: Have you had a chance to go over these papers with Mr.
Thomas (1) [appellant's trial attorney]?

 DEFENDANT: Yes, ma'am.

 COURT: Did you understand when you signed these papers that you
are giving up certain constitutional rights?

 DEFENDANT: Yes, ma'am.

 COURT: Do you want to have a jury trial in this case?

 DEFENDANT: No, ma'am.

 COURT: There are some spots with some handwritten initials next
to each of the typed up [sic] paragraphs [in the
admonishments, statements of defendant, and waiver] that
apply, are those your initials?

 DEFENDANT: Yes, ma'am.

 COURT: Did you place them there yourself?

 DEFENDANT: Yes, ma'am.

 COURT: Did you do that only after your lawyer had explained each
of the paragraphs to you?

 DEFENDANT: Yes, ma'am.

 COURT: Did you understand all of his explanations?

 DEFENDANT: Yes, ma'am.

 COURT: Do you have any questions about anything?

 DEFENDANT: No, ma'am.

 The court made no finding of guilt during the plea hearing and ordered a PSI. 
Appellant then filed a motion to withdraw his guilty plea, arguing his plea was
involuntary. (2) In support of his argument, appellant asserted: (1) the jury (3) had not yet
adjourned to consider the evidence in this cause; (2) his guilty plea was not an
intelligent and voluntary plea; (3) he was deceived by Thomas and the State "that I
[appellant] should plea [sic] guilty in return for being considered for probation . . .
when the punishment for this crime does not offer [sic] probation"; (4) Thomas was
not prepared to go to trial; and (5) he [appellant] wanted to go to trial, but was "told
repeatedly by his counsel [Thomas] and the District Attorney [State] that he should
enter a plea of guilty." The trial court denied the motion and assessed punishment at
20-years imprisonment and a $1,000 fine. (4) 

Discussion

 Appellant argues, in points of error one and two, that his guilty plea was
involuntary because it was not intelligently and knowingly made. He specifically
contends that he was misinformed by his attorney of the penalty range for the actual
quantity of cocaine delivered. Appellant bases his argument on the fact that his
indictment and the PSI reflect different amounts of cocaine. (5) Appellant contends that
his trial counsel, the State, and the trial court failed to consider "all of the facts of the
case," causing him to enter an involuntary guilty plea. 

Guilty Plea Determination and Motion to Withdraw

 An involuntary guilty plea must be set aside. Boykin v. Alabama, 395 U.S. 238,
244, 89 S. Ct. 1709, 1713 (1969). To determine if a plea is voluntary, we consider
the entire record. Williams v. State, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975). 
When a defendant attests at his original plea hearing to the voluntary nature of his
plea, a heavy burden is placed on him at a subsequent hearing to show a lack of
voluntariness. Thornton v. State, 734 S.W.2d 112, 113 (Tex. App.--Houston [1st
Dist.] 1987, pet. ref'd). (6) 

 Appellant's argument that different amounts of cocaine were reported in his
PSI and indictment assumes that the amount of cocaine reported in his PSI is
accurate. However, the record does not support appellant's assumption that the 99.8
grams of cocaine reported in the PSI is accurate. Instead, the record reveals the
following: (1) the arresting officer's affidavit reports a field-test finding that the
cocaine weighed 1.1 kilograms; (2) Steven Greenlee, an attorney representing
appellant in a previous and separate matter, testified, "I only knew it was a kilo of
cocaine was [sic] the allegation, that's as much as I knew. I got that from Mr.
Vega." (7); (3) appellant judicially confessed to the delivery of over 400 grams of
cocaine; (4) appellant's signature appears on his court-issued admonishments (8); and
(5) even though the information contained in the PSI was then available, appellant did
not argue that a discrepancy existed at the hearing on his motion to withdraw his
guilty plea. 

 After reviewing the entire record, we cannot agree with appellant's assumption
as to the accuracy of the cocaine reported in the PSI. Accordingly, appellant failed
to carry his burden to establish an involuntary plea to the felony offense of delivering
400 grams or more of cocaine. 

 We overrule point of error one.

Ineffective Assistance of Counsel

 Appellant, in point of error two, contends he was denied effective assistance
of counsel. Appellant asserts the trial court should have granted his motion to
withdraw his plea, "because of the situation he was forced into because of his
appointed lawyer's death. What occurred thereafter deprived appellant of the
effective assistance of counsel at the sentencing hearing." 

 To reverse a guilty-plea challenge based on ineffective assistance of counsel,
we must conclude: (1) counsel's representation fell below an objective standard of
reasonableness and (2) there is reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been different. 
Strickland v. Washington, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 2064-65, 2068
(1984); see also Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985). To
satisfy the second prong of the Strickland test, appellant must show there is
reasonable probability that, but for counsel's errors, he would not have pleaded
guilty, but would instead have insisted on going to trial. Strickland, 466 U.S. at 688,
694, 104 S. Ct. at 2064-65, 2068. Whether this standard has been met is judged by
the "totality of representation." Ex Parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim.
App. 1990). 

 We must indulge a strong presumption that counsel's conduct falls within the
wide range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104
S. Ct. at 2065. The burden of proving ineffective assistance of counsel is on the
defendant and is one that requires proof by a preponderance of the evidence. Stafford
v. State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). The Court of Criminal
Appeals has emphasized that a defendant must affirmatively overcome, by evidence
in the record, the strong presumption that counsel's decisions fell within the wide
range of reasonable professional assistance. Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999); see also Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.--
Houston [1st Dist.] 1996, no pet.). Failure to make the required showing of either
deficient performance or sufficient prejudice defeats the ineffectiveness claim. 
Strickland, 466 U.S. at 700, 104 S. Ct. at 2071. 

 Appellant argues that his second attorney, Fosher, was ineffective because he
failed to examine the facts of the case, he advised appellant "in open court" that it was
unlikely the trial court would grant appellant deferred adjudication, and he offered
incorrect advice to appellant regarding the application of the law to his case. (9) 

 Although appellant filed a motion for new trial, the record does not reflect a
hearing on his motion. Because the record provides no explanation for the motivation
behind Fosher's decisions, and we refuse to speculate, appellant has failed to show
his counsel's advice fell below an objective standard of reasonableness. Mallett v.
State, 65 S.W.3d 59, 68 (Tex. Crim. App. 2001). Appellant failed to satisfy the first
prong of the Strickland test, so we do not reach the second. 

 We overrule point of error two. 

Conclusion

 We affirm the trial court's judgment.


Sherry J. Radack

JusticePanel consists of Chief Justice Schneider and Justices Nuchia and Radack.

Do not publish. Tex. R. App. P. 47.4. 
1. Appellant was first represented by appointed counsel, Al Thomas, at the plea
hearing. However, Mr. Thomas died thereafter, and the trial court then
appointed Mike Fosher to represent appellant at the PSI hearing. 
2. Appellant's motion was filed 24 days after his guilty plea. 
3. Because appellant pleaded guilty, no jury was ever empaneled. 
4. Appellant rejected the State's plea bargain offer for 15-years imprisonment.
5. Appellant's indictment states he delivered 400 grams or more of cocaine, while
his PSI reports the delivery of 99.8 grams of cocaine. The penalty range for
delivery of 400 grams or more of cocaine is life or not more than 99-years and
not less than 15-years imprisonment, and a maximum fine of $250,000. Tex.
Health & Safety Code Ann. § 481.112(f) (Vernon Supp. 2002). The penalty
range for delivery of 4 grams or more, but less than 200 grams of cocaine is life
or not more than 99-years and not less than 5-years imprisonment, and a
maximum fine of $10,000. Tex. Health & Safety Code Ann. § 481.112(d)
(Vernon Supp. 2002); Tex. Pen. Code Ann. § 12.32 (Vernon 1994). 
6. At the hearing on appellant's motion, the trial court stated, "It's my finding and
my recollection that this plea was entered into voluntarily, it was entered
knowingly with lots and lots of information given to the defendant, at least by
myself, and it appeared that he was having very competent legal representation
as well. It's this Court's belief that Mr. Vega [appellant] perhaps does not like
the way that the pre-sentence report has turned out or for whatever reason after
he entered his plea just decided that perhaps that was a risky venture, but I am
100 percent absolutely confident that this plea was entered into with his eyes
wide open and with full and complete knowledge of what the risks were, and
I'm going to deny your motion to withdraw the plea."(emphasis added). 
7. Greenlee was not involved in plea bargaining or any other aspect of the case. 
Appellant interviewed Mr. Greenlee initially to determine if he would represent
him in this matter. 
8. Appellant's receipt of the statutory admonishments was prima facie evidence
that his plea was knowing and voluntary. Harrison v. State, 688 S.W.2d 497,
499 (Tex. Crim. App. 1985). 
9. Appellant asserts that Fosher gave him inaccurate advice regarding the right
to a jury trial and appellant's ability to suppress the confession he made during
the alleged involuntary plea.