**Opinion issued October 30, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NOS. 01-13-01056-CR**
**01-13-01057-CR**

————————————

**JIMMIE JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1346765 & 1366083**

**MEMORANDUM OPINION**

Appellant, Jimmie Johnson, pleaded guilty to aggravated robbery and burglary of a habitation. The court accepted appellant's pleas, found him guilty, and, after a punishment hearing, assessed punishment at forty-five years'

1

confinement for the aggravated robbery and twenty years' confinement for the burglary of a habitation. After sentencing, appellant mailed motions to withdraw his guilty pleas to the trial court. The trial court did not rule on the motions. On appeal, Appellant contends the trial court erred by denying his motions to withdraw his guilty pleas, arguing that they were involuntary. We affirm.

## BACKGROUND

In March 2012, James Bevan discovered appellant had broken into his garage and was stealing a bicycle. Bevan attempted to chase appellant, but was unsuccessful. In May of that year, appellant was charged with burglary of a habitation relating to the bicycle theft.

Later that year, in October 2012, appellant entered a Radio Shack store and pointed a gun at Lashad Jackson, the store manager. Appellant proceeded to duct tape Jackson's hands and demanded the keys to the safe. When Jackson could not unlock the safe, appellant fired a shot in Jackson's direction, hitting a filing cabinet nearby. Appellant then took several cell phones and approximately $300 from the cash register. He was apprehended by police as he was leaving the store and charged with aggravated robbery. The two offenses were to be tried separately.

The aggravated robbery case was tried first. Appellant underwent a competency evaluation and was found competent to stand trial. For aggravated robbery, appellant originally pleaded not guilty. However, during trial he changed

his plea to guilty. In addition to pleading guilty to the aggravated robbery, appellant also pleaded guilty to the burglary of a habitation case, which was an open case at that time.

Appellant's attorney stated that he believed that appellant understood the nature and consequences of his plea and was competent. The trial court found that appellant's pleas were freely and voluntarily given, and accepted them. For both offenses, appellant pleaded guilty without an agreed recommendation. Appellant also stipulated to evidence that he had prior convictions for burglary and tampering with evidence. By stipulating to the State's evidence, appellant agreed that all of the evidence against him was true. On November 25, 2013, he was sentenced to 45 years' confinement in the aggravated robbery case and 20 years' confinement in the burglary of a habitation case, to run concurrently.

Ten days later, on December 5, 2013, appellant mailed motions to withdraw his guilty pleas to the trial court, which were filed on December 11, 2013. The trial court never ruled on the motions, thus they were overruled by operation of law.

## DISCUSSION

In his sole point of error, appellant contends "[t]he trial court erred in failing to allow the appellant to withdraw his guilty plea[s]."

**1. Motion to Withdraw Guilty Plea – presentment requirement**

Generally, a defendant may withdraw his plea any time before judgment is pronounced or the case is taken under advisement by the court. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. [Panel Op.] 1979). When a defendant files a motion to withdraw a guilty plea after he has been adjudged guilty, the motion operates as a motion for new trial, and the trial court's decision whether to allow a defendant to withdraw his plea is discretionary. *Id.* Abuse of discretion is shown only when the trial court's ruling lies outside the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).

Under Texas Rule of Appellate Procedure 21.6, a criminal defendant is required to "present" a motion to the trial court within 10 days of filing it. TEX. R. APP. P. 21.6; *Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998). The mere fact that a defendant has filed a motion is insufficient to satisfy this presentment requirement. *Stokes v. State*, 277 S.W.3d 20, 21 (Tex. Crim. App. 2009). The term "present" means that "the record must show the movant for new trial sustained the burden of actually delivering the motion for new trial to the trial court or otherwise bringing the motion to the attention or actual notice of the trial court." *Butler v. State*, 6 S.W.3d 636, 640 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) (citing *Carranza*, 960 S.W.2d at 79). Actual notice may be shown by

such things as the judge's signature or notation on a proposed order or by a hearing date set on the docket. *Carranza*, 960 S.W.2d at 79.

Unlike *Butler v. State*, in which the record showed that defense counsel informed the court coordinator that the motion was filed and the coordinator scheduled a hearing, 6 S.W.3d at 630, the record in this case does not indicate that appellant notified the court of his motions to withdraw and does not establish that the court had actual knowledge of the motions. Rather, the record shows that the motions to withdraw were accompanied by a proposed order, which was blank and unsigned by the trial judge. In addition, the record is also devoid of any ruling on the motions, or a docket entry evidencing a hearing on the motions. Finding nothing in the record to suggest otherwise, we conclude that appellant failed to timely present his motions for new trial. Because it is not apparent from the record that the motions to withdraw guilty plea were timely presented, the trial court did not abuse its discretion in failing to grant them.

## 2. Voluntariness of Guilty Plea

Even if appellant had presented his motion to withdraw his guilty pleas to the trial court, he would nonetheless have the burden of showing that his pleas were invalid for lack of voluntariness. A guilty plea constitutes a waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the right not to incriminate oneself. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex.

Crim. App. 2006) (citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712 (1969)). Accordingly, a guilty plea, to be consistent with due process of law, must be entered knowingly, intelligently, and voluntarily. *Id.* To be "voluntary," a guilty plea must be the expression of the defendant's own free will and must not be induced by threats, misrepresentations, or improper promises. *Id.* (citing *Brady v. United States*, 397 U.S. 742, 755, 90 S. Ct. 1463, 1471 (1970)).

If a plea is not entered knowingly and voluntarily, it has been obtained in violation of due process and is void. *Houston v. State*, 201 S.W.3d 212, 221 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (citing *McCarthy v. United States*, 394 U.S. 459, 466, 89 S. Ct. 1166, 1171 (1969)). The voluntariness of a plea is determined by considering "all of the relevant circumstances surrounding it" and must be affirmatively shown in the record. *Id.* (citing *Brady*, 397 U.S. at 749, 90 S. Ct. at 1469; *Boykin*, 395 U.S. at 242, 89 S. Ct. at 1712). A plea is not involuntary simply because the defendant "did not correctly assess every relevant factor entering into his decision." *Talbott v. State*, 93 S.W.3d 521, 526 (Tex. App.—Houston [14th Dist.] 2002, no pet.)).

The general rule is that a guilty plea is voluntary if the defendant was made fully aware of the direct consequences of his plea. *State v. Jimenez*, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999). A guilty plea is not rendered involuntary by a lack of knowledge as to a collateral consequence of the plea. *Id.* at 888–89. "There

are numerous *relevant* consequences of pleading guilty . . . which are not included in the admonishments[.]" *Vasquez v. State*, 889 S.W.2d 588, 590 (Tex. App—Houston [14th Dist.] 1994, no pet.). "A trial court is not required to admonish a defendant about every possible consequence of his plea, direct or collateral, only about those direct consequences that are punitive in nature or specifically enunciated in the law." *Mitschke v. State*, 129 S.W.3d 130, 136 (Tex. Crim. App. 2004). "If the consequence is definite and largely or completely automatic, then it is a direct consequence." *Id.* at 135.

When the record shows that the trial court gave an admonishment, there is a prima facie showing of a knowing and voluntary plea of guilty. *Ex parte Gibauitch*, 688 S.W.2d 868, 871 (Tex. Crim. App. 1985). When a defendant attests at his original plea hearing to the voluntary nature of his plea, a heavy burden is placed on him at a subsequent hearing to show a lack of voluntariness. *Thornton v. State*, 734 S.W.2d 112, 113 (Tex. App.—Houston [1st Dist.] 1987, pet. ref'd).

The record in this case shows that the trial court properly admonished appellant, thus there is a prima facie showing of knowledge and voluntariness. In addition, both appellant and his trial counsel attested to the voluntary nature of his pleas. Together, this creates a strong presumption of voluntariness regarding appellant's pleas. Nevertheless, appellant now contends that the trial court abused its discretion in accepting his pleas of guilty because he made the pleas without

sufficient awareness or a rational understanding of the nature of the charges and likely consequences. Appellant argues that his pleas were invalid because he was incompetent at the time he pleaded guilty. Specifically, appellant argues that his history of mental illness and drug addiction, coupled with his comment to the judge that he was "not ready" at the beginning of trial, demonstrates he was not competent.

Although appellant claims his pleas were invalid because he was not competent, the record reflects otherwise. On November 12, 2013, appellant underwent a competency assessment and was determined competent to stand trial. Less than two weeks later, appellant made the decision to change his plea to the aggravated robbery case to guilty and to plead guilty to the separate offense of burglary of a habitation. Because appellant was held to have been aware of and have a rational understanding of the charges against him on November 12, 2013, and there being no evidence to the contrary, it is reasonable to conclude that he retained sufficient awareness and understanding of the charges on November 25, and was thus competent at the time of trial. As such, the trial court did not abuse its discretion in permitting his motions for new trial to be overruled by operation of law.

## CONCLUSION

We affirm the trial court's judgments.

 

_____
Sherry Radack
Chief Justice

Panel consisting of Chief Justice Radack and Justices Jennings and Keyes.

Do not publish. TEX. R. APP. P. 47.2(b).